# **EXHIBIT R**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT,<br><br>Plaintiff,<br><br>v.<br><br>ONESTA IP, LLC,<br><br>Defendant. | C.A. No. XXXX-XX-XXXX<br><br>**JURY TRIAL** |

**DECLARATION OF DR. JOHANNES DRUSCHEL IN SUPPORT OF PLAINTIFF BMW'S MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER AND ANTI-SUIT INJUNCTION**

I, Dr. Johannes Druschel, do state and declare as follows:

I am a Partner at Finnegan, Henderson, Farabow, Garrett & Dunner, LLP in the Munich, Germany, office. Our law firm represents Bayerische Motoren Werke Aktiengesellschaft ("BMW"), the plaintiff in this U.S. district court action. I have been asked to submit this declaration in support of BMW's Motion for *Ex Parte* Temporary Restraining Order and Anti-suit Injunction ("the Motion"). The facts set forth in this declaration are based on my personal knowledge unless otherwise stated and, if called as a witness, I could and would testify competently to the matters set forth herein.

1. On October 9, 2025, Onesta IP, LLC ("Onesta"), a Delaware company, filed suit in Munich Regional Court I ("the Munich court"), alleging patent infringement of one European patent—EP 2,473,920 B1—and two U.S. patents—US 8,854,381 B2 and US 8,443,209 B2 (cases 12768/25, 13056/25, 13057/25). (*See* Ex. C, attached to the Motion.)

2. On December 15, 2025, BMW filed a complaint in the U.S. District Court for the Western District of Texas seeking a declaratory judgment of patent misuse, invalidity and

1

noninfringement. *See Bayerische Motoren Werke Aktiengesellschaft v. Onesta IP, LLC*, Dkt. 1 (W.D. Tex. Dec. 15, 2025) I understand that BMW is concurrently filing the Motion, seeking an *ex parte* Temporary Restraining Order ("TRO") and anti-suit injunction ("ASI").

3. In recent years, anti-anti-suit injunctions ("AASI) "have been established and frequently granted in German patent infringement proceedings." (*See* Declaration of Professor Matthias Leistner ("Dec. of M. Leistner") ¶105, attached as Ex. F to the Motion.) In addition to the Munich court, AASIs have been upheld on appeal by other German courts and issued by the Unified Patent Court. (*See* Dec. of M. Leistner ¶¶107, 109, 110.)

4. For example, the Munich court has issued AASI orders against companies that had filed motions for ASIs in U.S district courts. (*See* Dec. of M. Leistner ¶¶105-106.) Such retaliatory AASIs can be granted "very swiftly" by the Munich court, even within a day or two of being sought. (Dec. of M. Leistner ¶107; *see, e.g.*, *Nokia v. Daimler/Continental*, Munich I Reg. Ct., no. 21 O 9333/19 (Order of July 11, 2019) (granting AASI within 2 days of request from the Munich court); *10x Genomics Inc. v. NanoString Techs. Inc., et al.*, Munich I Reg. Ct., no. 7 O 5416/23 (Order of April 28, 2023) (granting AASI within 1 day of request from the Munich court).)

5. An AASI from the Munich court can, among other things, order a party to withdraw a motion for an ASI filed in the United States; to refrain from continuing the ASI in the United States; and/or to refrain from filing a similar motion in the United States. (*See* Dec. of M. Leistner ¶108.) If the Munich court grants an AASI, it can also order that if the enjoined company does not comply, it will be subject to fines of up to € 250,000 or imprisonment of a member of the board of directors of the defendant. (*See* Dec. of M. Leistner ¶108, *see also* Ex. I

at 2, attached to the Motion ("Violations of an injunction are punishable by a fine of up to EUR 250,000 per violation, or even . . .detention.").)

6. It is my belief that there is a substantial threat of an AASI order being entered in Germany against BMW within just hours of filing of the Motion for an *ex parte* TRO/ASI in U.S. district court. I believe that Onesta is highly likely to seek and enforce a retaliatory AASI in the Munich court, based on its litigation conduct to date, including the following. Despite having ongoing U.S. lawsuits implicating similar parties, products, and patents (e.g., the '381 patent), Onesta has filed this patent infringement suit in the Munich court, even though it is thousands of miles away from Onesta's home in the United States. As mentioned, Onesta's patent infringement suit in Germany is based, in part, on two U.S. patents, which is an unprecedented action based on an untested reading of *BSH Hausgeräte GmbH v. Electrolux AB*, C-339/22 (CJEU Feb. 25, 2025). Onesta's legal counsel advertises openly on LinkedIn that he considers this case a "first" and "groundbreaking." (*See* Ex. D, attached to the Motion.) I have also seen a published article where Onesta purports to state that it wants the Munich court to issue a "swift, thorough, and high-quality decision from a specialized *single* forum." (*See* Ex. G at 2, attached to the Motion (emphasis added).) Such public comments from German counsel and its client demonstrate to me that they possess the means and intent to fight this case on U.S. patents in the Munich court, *exclusively*.

7. Onesta's widely publicized actions to file this case in Germany show a high likelihood that it will try to remain in Germany; there is thus a substantial threat that Onesta will ***seek and enforce an AASI in the Munich court as soon as it becomes aware of BMW's filing of an ASI motion in the United States***. Given what I stated regarding German AASI grants above—including the speed and the favorable history—I agree with Professor Leistner here that

3

the Munich court "*is prepared to effectively and expeditiously defend [a German court's] international jurisdiction against U.S. courts* if this court deems this necessary and appropriate." (*See* Dec. of M. Leistner ¶110 (emphasis added).)

8. I also agree with Professor Leistner (Dec. of M. Leistner ¶¶81-82, 107, 110) that the Munich court will likely respond favorably to an AASI application from Onesta and act "expeditiously" to grant it—again, possibly in 48 hours or less—because it will help maintain its jurisdiction over the action for a first-instance determination:

> The BSH/Electrolux decision has a major impact on proceedings in Germany concerning international patent infringement and possible long-arm jurisdiction by the German patent infringement courts. *In my professional opinion, it can clearly be expected that the Munich Regional Court I will apply those principles in the present case.*
>
> The defendant in the present case has its statutory seat in Germany. *Therefore, from my professional viewpoint[,] there is a non-negligible likelihood that the Munich Regional Court I will assume jurisdiction concerning possible patent infringement of U.S. patents in the U.S.* according to Art. 4(1) Brussels I Regulation (recast) based on the interpretation of the Regulation established in the CJEU's judgment BSH/Electrolux. (Emphases added.)

9. Advance warning to Onesta and an opportunity to be heard before a TRO is installed by this Court will result in irreparable harm to BMW, because Onesta will more rapidly be able to file an AASI request and secure an anti-interference injunction from the Munich court. *See id.* If entered, BMW would be left with the impossible task of choosing between following the instructions of its home jurisdiction or vindicating its rights to declaratory judgment relief in U.S. district court with all its procedural and constitutional safeguards.

10. It is also my belief that Onesta's novel patent suit in Germany (*see* Ex. C, Ex. D) has caused and continues to cause irreparable harm to BMW's reputation, because of widespread media coverage reporting that BMW is an alleged infringer of U.S. patents to be tried in Germany. This reputational injury would only be exacerbated if an AASI issues locally that can

4

be enforced on pain of substantial fines or imprisonment of BMW executives in Munich, its company seat. Cessation of Onesta's lawsuit with respect to the two U.S. patents by way of a TRO (then ASI) would alleviate that harm because it would no longer be an unprecedented posture.

    I declare under penalty of perjury that the foregoing is true and correct, and this declaration was executed on December 15, 2025, in Gräfelfing, Germany.

/s/ _____
Dr. Johannes Druschel

5