## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS WACO DIVISION

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT,<br><br>        Plaintiff,<br><br>v.<br><br>ONESTA IP, LLC,<br><br>        Defendant. | No. 6:25-cv-00581<br><br>**JURY TRIAL** |

## ORDER GRANTING EX PARTE TEMPORARY RESTRAINING ORDER

The Court has considered the submissions presented in connection with Plaintiff Bayerische Motoren Werke Aktiengesellschaft's ("BMW") Motion for *ex parte* Temporary Restraining Order and Anti-Suit Injunction. Having considered the matter, the Court finds good cause exists to temporarily restrain Defendants as requested in BMW's motion. The Court finds that the status quo should be maintained pending the Court's evaluation of, and ruling on, an anti-suit injunction. The Court finds a substantial risk of irreparable harm to BMW, and to the jurisdiction of this Court, if Onesta IP, LLC ("Onesta") were to attempt to enforce or pursue an anti-anti-suit injunction ("AASI") against BMW in Munich Regional Court I ("the Munich court"). Given Onesta's active pursuit of litigation in the Munich court, there is a substantial likelihood that Onesta would pursue an AASI against BMW.

Additionally, the Order is issued without notice because the emergency relief BMW requests is highly time sensitive given the arguments, declarations, and certifications offered by BMW pursuant to Fed. R. Civ. P. 65(b)(1). Specifically, BMW has shown a substantial likelihood that Onesta would pursue an AASI against BMW, permanently restricting this

Court's ability to consider whether their request for ASI is meritorious.

In contrast, the harm to Onesta of maintaining the status quo is negligible. The Court further finds based on BMW's arguments, declarations, and certifications offered pursuant to Fed. R. Civ. P. 65(b)(1), that there is good cause justifying entry of this temporary restraining order on an *ex parte* basis to avoid rending fruitless the further prosecution of this action.

Further, BMW, or its authorized agents, are **ORDERED** to promptly provide actual notice, by serving, in accordance with the Federal Rules of Civil Procedures, a copy of this Order and all papers upon which this Order is based to Onesta and transmit via email a copy of this Order and all papers upon which this Order is based to at least one of Onesta's representatives in the Munich Regional Court I with whom BMW or its representatives have previously been in contact.

**IT IS FURTHER ORDERED THAT**, effective immediately, Onesta, and all of their affiliates, officers, directors, shareholders, and employees, or those in active concert with them, shall refrain from any of the following acts until further order of this Court:

1. Make any request, claim, application, or motion further pursuing or enforcing an injunction from a foreign court—including but not limited to the Munich Regional Court I—which would prohibit, deter, impose monetary fines on, or otherwise limit in any way BMW's, and all of its corporate parents, subsidiaries, and affiliates, ability to fully and completely prosecute this action, request and enforce relief, or which would impair this Court's ability to adjudicate any and all matters in this lawsuit;

2. Make any request, claim, application, or motion further pursuing or enforcing an injunction from a foreign court—including but not limited to the Munich

Regional Court I—which would prohibit or otherwise limit in any way BMW's, and all of its corporate parents, subsidiaries, and affiliates, ability to make, use, offer to sell, or sell within the United States or import into the United States any vehicle, product, or other item on the basis of Onesta's United States patents.

**IT IS FURTHER ORDERED THAT** Defendants shall respond to BMW's request for an anti-suit injunction enjoining Defendants from such activities as is described in the paragraphs above and the additional relief requested to enjoin Defendant's from pursuing any action for infringement of United States patents in a foreign jurisdiction against BMW, and all of its corporate parents, subsidiaries, and affiliates. The Court establishes the following briefing schedule for consideration of BMW's anti-suit injunction request:

1. The Court will consider BMW's motion for temporary restraining order as also constituting its motion for an anti-suit injunction.

2. Defendant shall have until December 23, 2026 to file with this Court and serve on BMW's counsel any Opposition to the Continuation of the Temporary Restraining Order or Conversion to Anti-Suit Injunction. Defendant's Opposition will be limited to 20 pages, exclusive of evidence.

3. BMW will have until December 29, 2026 to serve a Reply. BMW's Reply will be limited to 10 pages, exclusive of evidence.

Because Onesta cannot conceivably suffer harm by continuing to be subject to the legitimate jurisdiction of this court and by maintaining the status quo, the Court finds that the proper amount of security for this TRO under Rule 65(c) is Zero United States Dollars ($0.00).

This Order shall expire on its own terms on December 30, 2025, unless further

extended by Order of this Court.

    For good cause shown and upon written application to the Court, this Order may be extended for a longer period determined by the Court.

    **SIGNED** this 16th day of December, 2025.

                                            ALAN D ALBRIGHT
                                            UNITED STATES DISTRICT JUDGE