*Exhibit 3*

# A New Era of Flexibility

fr.com/insights/thought-leadership/articles/cross-border-patent-litigation-in-the-eu-post-bsh-v-electrolux-a-new-era-of-flexibility

Ayan Roy-Chowdhury, Ph.D.                                                                                           September 23, 2025



In an increasingly global patent landscape, the ability to centralize infringement actions across multiple jurisdictions is highly desirable for efficiency and consistency. Historically, the interplay between Article 4(1) (place of general jurisdiction)[i] and Article 24(4) (place of registration)[ii] of the Brussels I-bis Regulation created uncertainty, especially in cases involving validity defenses and third-country rights. Under the precedent of *GAT v. LuK* of 2006[iii], a defendant could block a cross-border injunction by raising a validity defense. If a defendant then raised a validity defense in an infringement case with a patent registered in another EU member state, the entire infringement case could collapse (i.e., the "torpedo" tactic).

This rigid interpretation discouraged cross-border infringement suits based on multiple national parts of a European bundle patent or multiple national patents centralized in a European national court.

The Court of Justice of the European Union (CJEU) ruling in *BSH v. Electrolux*[iv] provides much-needed clarity, opening the door to consolidated actions and broader strategic options for patent holders.

## Key points

- The CJEU ruled that a claimant can initiate infringement proceedings against a defendant domiciled in an EU member state in that member state's courts regardless of where the alleged infringement occurred.
- Courts of EU member states hearing infringement cases do not lose international jurisdiction even if the defendant raises an invalidity defense.
- While questions of validity remain the exclusive jurisdiction of the courts of the EU member state in which a patent is registered, that exclusivity does not apply to infringement.
- The ruling restores the feasibility of cross-border litigation within the EU and empowers patent holders to assert multi-jurisdictional infringement claims centrally.

## Factual background

BSH Hausgeräte GmbH, holder of European patent EP 1 434 512, filed a lawsuit against Electrolux AB in Sweden for infringing all national parts of its European bundle patent validated across multiple jurisdictions, which included Turkey, a non-EU member state of the European Patent Convention (EPC). Electrolux challenged the court's jurisdiction by raising an invalidity defense regarding the national parts of the European bundle patent and citing Article 24(4). Electrolux argued that although the Swedish court was generally competent, the court did not have jurisdiction regarding infringing acts outside Sweden. The Swedish court accepted Electrolux's arguments and declined jurisdiction regarding infringement acts outside Sweden. On appeal, the case was referred to the CJEU for a preliminary ruling on the scope of Article 24(4).

## The CJEU's ruling in *BSH v. Electrolux*

The core of the CJEU's ruling is that courts of EU member states can, in principle, serve as centralized venues for global patent litigation. Claimants can initiate infringement proceedings against a defendant domiciled in an EU member state in that member state's courts regardless of where the alleged infringement occurred. The court of the EU member state hearing the infringement case does not lose international jurisdiction even if the defendant raises an invalidity defense.

Specifically, the CJEU held that Article 24(4) applies solely to questions of validity and does not deprive courts of jurisdiction over infringement actions merely because a validity defense is raised (GRUR-RS 2025, 2373 at ¶ 41). This narrow interpretation preserves the right of patent holders to pursue cross-border infringement claims in the courts of the EU member state where the defendant is domiciled under Article 4(1). While questions of validity remain the exclusive jurisdiction of the courts of the EU member state in which a patent is registered, that exclusivity does not apply to infringement. Accordingly, while Art. 24(4) reserves questions of validity for the courts of the EU member states in which the patent is registered, Art. 4(1) allows the patent holder to concentrate infringement proceedings in one EU member state forum, thereby avoiding the risk of divergent decisions (GRUR-RS 2025, 2373 at ¶ 49).

For patents registered in an EU member state, Article 24(4) prohibits the court hearing the infringement case from ruling on validity, even if it is *inter partes*. If the decision on validity is reserved for the court of another EU member state, the court hearing infringement may stay the proceedings to await the outcome of the validity case pending before the competent court (GRUR-RS 2025, 2373 at ¶ 51). The court hearing infringement may issue a stay if there is a non-negligible possibility that the patent will be found invalid (*id.*).

Crucially, the CJEU clarified that Article 24(4) does not apply to third-country patents (GRUR-RS 2025, 2373 at ¶ 57). This enables courts of EU member states to hear infringement actions involving such patents, including the ability to assess validity incidentally and *inter partes* without *erga omnes* effect or alteration of the foreign registry. Exceptions apply only insofar as special international agreements apply (e.g., Article 73(3) of the Brussels I-bis Regulation[v]). Particularly relevant is the Lugano Convention[vi] (Article 73(1) of the Brussels I-bis Regulation[vii]), under which the court hearing infringement may be precluded from ruling on validity. Therefore, if the matter concerns national patents or national parts of European patents in the contracting states of the Lugano Convention — namely Switzerland, Norway, and Iceland — the court hearing infringement may stay the proceedings under a comparable standard to that of the Brussels I-bis Regulation.

## Ramifications of *BSH v. Electrolux* for EU national courts and the UPC

**The CJEU's ruling restores the feasibility of cross-border litigation within the EU and empowers patent holders to assert multi-jurisdictional infringement claims centrally.** Courts of EU member states may now be open to third-country enforcement if the defendant is domiciled in an EU member state, allowing for more streamlined litigation of global patent portfolios. The ruling may also introduce competition between national courts and the Unified Patent Court (UPC).

### National courts of EU member states

The competency of national courts of EU member states post-*BSH* now stands as follows:

- **Patents registered in EU and/or Lugano Convention member states (national patents and European bundle patents)**: Patent holders may bring centralized infringement actions in the defendant's EU domicile country. Courts hearing infringement cases can proceed even if the defendant raises a validity defense. But while validity still must be litigated separately before the competent court of the EU or Lugano Convention member state in which the patent is registered, infringement claims may no longer be automatically blocked in the court hearing infringement. The court hearing infringement may stay the proceedings in deference to ongoing validity actions in other countries.

- **Patents registered in third countries (e.g., UK, U.S., China, and others)**: National courts of EU member states may hear infringement actions involving such patents if the defendant is domiciled in the EU[viii]. If the defendant raises a validity defense, the court hearing the infringement case may assess validity incidentally and *inter partes* without *erga omnes* effect (e.g., UKIPO, USPTO, or CNIPA records remain untouched). This may enable patent holders to enforce a worldwide patent portfolio more flexibly before EU national courts. However, EU national courts must apply foreign patent law for the foreign portion of the case (e.g., U.S. law for the U.S. portion of the case).

**Unified Patent Court**

The UPC's jurisdiction is strictly limited to adjudicating matters involving Unitary Patents and EP bundle patents (Art. 1 UPCA and Art. 3 UPCA). The UPC does not have jurisdiction over national patents. Moreover, the UPC has exclusive competence over infringement and validity of Unitary Patents and EP bundle patents validated in UPCA member states (which currently number 18[ix]). However, based on BSH, the UPC can hear infringement claims related to all 39 EPC member states. That means that the UPC can not only hear infringement actions concerning the 18 UPCA member states, but also the remaining 9 EU member states that are not UPCA member states and the remaining 12 non-EU member states that are EPC member states if the defendant is domiciled in an EU member state.

For European bundle patents that are not opted out from the UPCA, the UPC is competent to adjudicate:

- **Validations of European bundle patents in EU member states that are also UPCA member states**: The UPC may be competent to hear infringement actions, as well as revocation actions or counterclaims for revocation.
- **Validations of European bundle patents in non-UPCA EU member states and/or in Lugano Convention member states**: The UPC is competent to hear infringement actions. Validity must be litigated separately before the competent court. The UPC may stay infringement proceedings in deference to ongoing validity actions in other countries.
- **Validations of European bundle patents in the remaining EPC member states that are non-EU and non-Lugano Convention member states**: The UPC is competent to hear infringement actions. The UPC may assess validity defenses regarding validations incidentally and *inter partes* without *erga omnes* effect.

If the infringement action includes validations of European bundle patents in countries that are not UPCA member states, infringement must be shown in each of those countries, similar to national proceedings. The UPC may apply national law to decide on infringement of validations of European bundle patents in non-UPCA member states.

Prior to *BSH*, the UPC had already found itself competent to adjudicate foreign patents. For example, the Local Division (LD) Duesseldorf ruled on January 28, 2025, that it has jurisdiction to hear an infringement action that includes the UK part of a European patent[x]. The LD Paris has ruled that the CJEU's principles also apply to national parts of a European patent validated outside the UPCA member states, which in this case were Spain, the UK, and Switzerland, provided the defendant is domiciled in a UPCA member state[xi]. Additionally, the LD Milan confirmed its jurisdiction to hear an infringement action concerning Spain if the defendant is domiciled in a UPCA member state (Italy, in that case).[xii]

The UPC cannot hear infringement actions based on national rights (see above). Therefore, if a patent holder wishes to proceed against a defendant domiciled in an EU member state based on both a European bundle patent and a U.S. patent in a single forum, the UPC is not suitable. The court of the EU member state in which the defendant is domiciled may be the competent forum.

## Takeaways and remaining uncertainties

While the CJEU clarified key issues, it left open practical questions, such as:

- What is the threshold for staying infringement cases based on pending invalidity actions?
- How should courts manage the application of foreign patent law?
- What happens if a patent is upheld *inter partes* by the infringement court and later invalidated *erga omnes* by the competent national court?

These questions will require resolution through national case law and future CJEU clarification.

Nonetheless, the *BSH* decision has the potential to revitalize and reshape cross-border patent litigation in Europe. It removes long-standing barriers to consolidated actions and embraces the adjudication of third-country rights. Patent holders may now enjoy unprecedented flexibility to structure litigation around their strategic needs. Defendants should prepare for more aggressive litigation strategies and rethink their defensive playbook. While some questions remain, the judgment marks a decisive turn toward procedural coherence, efficiency, and greater access to justice in European patent law.

[i] Article 4 no. 1: "Subject to this Regulation, persons domiciled in a Member State shall, whatever their nationality, be sued in the courts of that Member State."

[ii] Article 24 no. 4: "The following courts of a Member State shall have exclusive jurisdiction, regardless of the domicile of the parties: … in proceedings concerned with the registration or validity of patents, trade marks, designs, or other similar rights required to be deposited or registered, irrespective of whether the issue is raised by way of an action or as a defense, the courts of the Member State in which the deposit or registration has been applied for, has taken place or is under the terms of an instrument of the Union or an international convention deemed to have taken place."

[iii] CJEU (First Chamber), judgement of July 13, 2006 (Case C-4/03) - *Gesellschaft für Antriebstechnik mbH & Co. KG v. Lamellen und Kupplungsbau Beteiligungs KG*.

[iv] CJEU (Grand Chamber), judgment of February 25, 2025 (Case C-339/22) – *BSH Hausgeräte GmbH v. Electrolux AB*; GRUR-RS 2025, 2373.

[v] Article 73 no. 3: This Regulation shall not affect the application of bilateral conventions and agreements between a third State and a Member State concluded before the date of entry into force of Regulation (EC) No 44/2001 which concern matters governed by this Regulation.

[vi] Convention on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters. Members are the EU, Switzerland, Norway, and Iceland.

[vii] Article 73 no. 1: This Regulation shall not affect the application of the 2007 Lugano Convention.

[viii] Benkard PatG/Grabinski/Zülch/Tochtermann, 12. Aufl. 2023, PatG Section 139 ¶ 100a.

[ix] https://www.unifiedpatentcourt.org/en/organisation/upc-member-states (as of August 2025)

[x] UPC, LD Duesseldorf (Case UPC_CFI_355/2023) – *Fujifilm v. Kodak*.

[xi] UPC, LD Paris (Case UPC_CFI_702/2024) – *Mul-T-Lock France, Mul-T-Lock Suisse v. IMC Créations*.

[xii] UPC, LD Milan (Case UPC_CFI_792/2024) – *Alpinestars v. Dainese*.