**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| BAYERISCHE MOTOREN WERKE | ) | |
| AKTIENGESELLSCHAFT, | ) | |
| | ) | C.A. No. 6:25-cv-00581 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL** |
| | ) | |
| ONESTA IP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**BMW'S MOTION TO ENFORCE ANTI-SUIT INJUNCTION TO DISMISS GERMAN**
**PROCEEDINGS THAT ASSERT U.S. PATENTS AND MOTION FOR AN ORDER TO**
**SHOW CAUSE WHY ONESTA SHOULD NOT BE HELD IN CONTEMPT OF COURT**

# TABLE OF CONTENTS

I.    Onesta's Willful Noncompliance with the Court's Anti-Suit Injunction ......................... 1

    A.    This Court Issued a Clear, Immediate, and Unambiguous Order Requiring Onesta to Terminate the German Proceedings, and Onesta Refuses to Comply ........................................................................................................................... 2

    B.    BMW Sought Confirmation of Compliance—Which Onesta Refused ................. 3

    C.    No Stay Exists, and Onesta's Continued Defiance Is Causing Ongoing Harm ........................................................................................................................ 3

II.   Onesta Should be Required to Show Cause Why It Should Not Be Held in Civil Contempt of This Court's January 13, 2026 Anti-Suit Injunction Order ......................... 4

    A.    Factor 1 ("a court order was in effect"): It Is Indisputable that this Court's Order of January 13, 2026 Was Clear and Demanded Immediate Compliance by Onesta ........................................................................................ 4

    B.    Factor 2 ("the order required certain conduct by the respondent"): It Is Also Indisputable that this Court's Order Required Specific Conduct: Immediate Termination of the German Proceedings that Seek to Enforce the U.S. Patents ........................................................................................................ 5

    C.    Factor 3 ("the respondent failed to comply with the court's order"): Onesta Has Failed to Comply—and Even Continues to Defy—this Court's Order .......... 6

III.  Conclusion: The Court Should Enforce Its Anti-Suit Injunction as to Onesta and Also Require Onesta to Show Cause Why It Should Not Be Held in Civil Contempt ............................................................................................................................... 6

i

## I.     Onesta's Willful Noncompliance with the Court's Anti-Suit Injunction

Plaintiff Bayerische Motoren Werke Aktiengesellschaft ("BMW") respectfully moves this Court to enforce the anti-suit injunction, as issued by this Court at the hearing on January 13, 2026 (the "Order"), ordering Defendant Onesta IP, LLC ("Onesta") to "terminate now" its German proceedings asserting U.S. patents against BMW.[1] Further, BMW respectfully moves this Court to order Onesta to show cause why it should not be held in civil contempt for its willful failure to comply with the Order to dismiss the proceedings in Germany. Dkt. 26 ("Transcript") at 65:7–11.

On January 13, 2026, this Court ordered Onesta to "terminate [its German proceedings] now." Transcript at 65:7–11. The ruling was clear and direct. Yet, more than two days have now elapsed since the Court's January 13, 2026 Order, and the Federal Circuit has now even denied Onesta's request for emergency relief, yet Onesta has still not terminated the German proceedings.

In good faith, BMW has repeatedly contacted counsel for Onesta to seek confirmation of Onesta's intent to terminate the German proceedings to no avail. Onesta has failed to provide any update on any of its efforts to terminate the German proceedings. Instead, Onesta has demonstrated that it has no intention of complying with the Court's Order. Given Onesta's refusal to confirm compliance, it is now readily apparent that Onesta never had any intent of complying expeditiously, as ordered, and even after the 24-hour to 48-hour time it asked for to go to the court of appeals, that time has expired, and yet, Onesta has not withdrawn the German proceedings. It is time for enforcement of the Order and for Onesta to show cause for why it should not be held in contempt.

---

[1] The relevant German proceedings on the U.S. patents are Case No. 21 O 13056/25 (asserting U.S. Patent No. 8,854,381 B2) and Case No. 21 O 13057/25 (asserting U.S. Patent No. 8,443,209 B2).

**A. This Court Issued a Clear, Immediate, and Unambiguous Order Requiring Onesta to Terminate the German Proceedings, and Onesta Refuses to Comply**

The Court's Order to Onesta was clear, immediate, and unequivocal on every front: (1) Onesta was to immediately terminate the German proceedings and (2) a stay pending appellate review was denied. The Court directed Onesta to proceed with termination with "reasonable dispatch," specifically in coordinating with German counsel to implement the Court's directive promptly.

As reflected at the hearing, the Court granted Onesta a "window" to seek a stay before the Federal Circuit. Dkt. 31. Onesta sought its stay, and the Federal Circuit denied it. Ex. B, *Bayerische Motoren Werke AG v. Onesta IP, LLC*, No. 2026-1338 (Fed. Cir. Jan. 14, 2026) (order denying motion to stay). Moreover, BMW represented—and has since confirmed again—that termination of the German proceedings could be accomplished immediately. Consistent with the Court's instruction, BMW stood ready to work with Onesta to effect termination in a prompt manner consistent with German procedure. And, BMW has provided Onesta with ample time to do so.

Now, two days have elapsed since the Court's January 13, 2026 Order, the Court's Order has not been stayed, and Onesta has not terminated the German proceedings. Also, Onesta has not provided any meaningful update on efforts to terminate the German proceedings. Onesta understood the instruction from the Court, and yet, Onesta has refused to comply with the Order.

Onesta's failure to terminate the German proceedings within "reasonable dispatch"—now more than two days after the Court's Order—constitutes a clear and continuing violation of this Court's authority. This violation is clear and ongoing, and it directly undermines this Court's Order.

2

### B.  BMW Sought Confirmation of Compliance—Which Onesta Refused

Following the Court's "window" to seek an emergency stay from the Federal Circuit, Onesta did just that.[2] The Federal Circuit fully considered and denied Onesta's motion. Ex. B. Following the Federal Circuit's denial, on January 14, 2026, BMW advised Onesta that it sought confirmation that Onesta would comply with the Court's ruling, consistent with the Court's instruction that the parties work together to effect termination. *See* Ex. A. Onesta advised that it was "working towards" dismissal of the German cases. *Id*. Yet, as of today (January 15, 2026), Onesta has still taken no known steps to terminate the German proceedings. This confirms that, despite further notice and opportunity, Onesta has declined to comply with the Court's Order.

### C.  No Stay Exists, and Onesta's Continued Defiance Is Causing Ongoing Harm

This Court had already made clear at the January 13, 2026 hearing that a request to stay pending appeal was rejected, ordering the German proceedings "terminate[d] now," and declining to stay its injunction Order for appellate review as a stay would "essentially eviscerate the injunction [Order]." Transcript 65:7–8, 60:25–61:12. In response, at the hearing, Onesta repeatedly confirmed its understanding that it must immediately terminate the German cases. Yet, despite the

---

[2] Emergency Motion to Stay Injunction at 1, *Bayerische Motoren Werke Aktiengesellschaft v. Onesta IP, LLC*, No. 26-1338 (Fed. Cir. Jan. 13, 2026) ("Onesta's Motion"). In recent correspondence Onesta accuses BMW of "misrepresentations" before the Federal Circuit, in that BMW correctly argued that Onesta's Motion to stay is premature under Rule 65. But BMW's arguments weren't "misstatements," as the Federal Circuit confirmed. Further, the Court's Order is immediate and enforceable because, unlike Rule 65 and Onesta's prior motion before the Federal Circuit requiring a written order, this Court does not require a written order to find Onesta in contempt of court for disobeying its January 13 oral Order. *See In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009) ("The question we face is not whether the . . . court acted properly to create an effective, appealable order. It is whether Beutel's manifestly improper actions can render him liable for contempt."). Consistent with *In re Bradley*, this Court may act to enforce its rulings, to be "consistent with prudent court management and due process—to prevent insults, oppression, and experimentation with disobedience of the law." *Id.* at 266.

absence of any stay from either this Court—beyond a 24–48-hour grace period (which has already expired)—or a stay from the Federal Circuit (which was subsequently requested and denied), Onesta continues to refuse compliance with this Court's Order. Its continued noncompliance, together with the resulting prejudice to BMW, including the continued accrual of foreign litigation burdens and the need for emergency motion practice, creates an immediate and ongoing violation of this Court's authority that requires immediate remedial action and enforcement of the Order.

## II.     Onesta Should be Required to Show Cause Why It Should Not Be Held in Civil Contempt of This Court's January 13, 2026 Anti-Suit Injunction Order

Onesta's continued maintenance of the German proceedings in defiance of the Court's Order to dismiss those proceedings satisfies every element for a finding of contempt against Onesta. This Court has broad discretion to enforce its own injunctive decrees. *Tivo Inc. v. EchoStar Corp.*, 646 F.3d 869, 881 (Fed. Cir. 2011) (en banc). For a contempt finding, all that is required is a "detailed accusation from the injured party setting forth the alleged facts constituting the contempt." *Id*. Good faith is not a defense to a contempt finding to the extent Onesta argues that its actions were in error or that its defiance of the Order is in good faith. *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1353 (Fed. Cir. 1998). To demonstrate contempt, courts consider whether "(1) a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *American Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000). Each element is satisfied, and as such, Onesta must show cause why it is not in contempt of Court for ignoring this Court's ruling.

### A.  Factor 1 ("a court order was in effect"): It Is Indisputable that this Court's Order of January 13, 2026 Was Clear and Demanded Immediate Compliance by Onesta

For the first factor for civil contempt, courts consider whether "a court order was in effect." *American Airlines*, 228 F.3d at 581. This Court's order took effect immediately on January 13, 2026, and it could not have been clearer. At the hearing on January 13, 2026, Judge Albright stated:

4

> MR. PEARSON: ….I hesitate to ask this question, but I'm sure the German counsel will want me to. Is your further written order going to contain a deadline by which we are ordered to terminate or.
>
> THE COURT: …I'm ordering you to terminate now. So if I look confused, I'm not sure what you're asking. I don't understand why you think there'd be a gap between me ordering you to terminate now and when you'll have to terminate.

Transcript 65:7–11; *id.* 64:8–10 ("And specifically to be clear today, Onesta is ordered to terminate the German case as to the United States patents."). There is no ambiguity in this Court's Order, beyond a 24–48-hour grace period that was requested by Oneta to seek an emergency stay (which was requested by Onesta and denied by the Federal Circuit), Dkt. 31, and that period has now expired. Yet, Onesta has demonstrated that it has no intention of withdrawing the German proceedings.

Indeed, with respect to immediacy for contempt, *In re Bradley* is instructive. There, the Fifth Circuit addressed this Court's "inherent power to enforce compliance with [] lawful orders through civil contempt." *In re Bradley*, 588 F.3d at 265. The "power is broad and pragmatic, reaching where it must—consistent with prudent court management and due process—to prevent insults, oppression, and experimentation and disobedience of the law." *Id*. at 265–66. Just like the offender in *In re Bradley*, "there is no doubt that [Onesta] received adequate notice and opportunity to be heard at all stages of the proceedings" and thus the "civil contempt power" also reaches to Onesta now. *Id*. at 266. This Court thus holds the power to find Onesta in contempt of its Order.

**B. Factor 2 ("the order required certain conduct by the respondent"): It Is Also Indisputable that this Court's Order Required Specific Conduct: Immediate Termination of the German Proceedings that Seek to Enforce the U.S. Patents**

For the second factor for civil contempt, courts consider whether "the order required certain conduct by the respondent." *American Airlines*, 228 F.3d at 581. Again, at the January 13, 2026 hearing, this Court reiterated that Onesta was to immediately terminate the German proceedings:

> THE COURT: And specifically to be clear today, Onesta is ordered
> to terminate the German case as to the United States patents.

Transcript 64:8–10. The Court even addressed Onesta's request to stay the injunction Order until

it was able to appeal the Court's decision. Transcript 59:20–60:3. The Court explained that, other

than the 24–48-hour grace period: "I think me staying my injunction would allow you potentially

to completely get out of the impact of my injunction." *Id.* at 61:5–7; *see also* Dkt. 31. Despite this

clarity, Onesta has yet to terminate the German proceedings, creating its own *de facto* stay entirely

by self-help.

### C. Factor 3 ("the respondent failed to comply with the court's order"): Onesta Has Failed to Comply—and Even Continues to Defy—this Court's Order

For the third factor for civil contempt, courts consider if "the respondent failed to comply

with the court's order." *American Airlines*, 228 F.3d at 581. Rather than comply, Onesta has chosen

defiance. Onesta sought relief from the Federal Circuit, asking for a stay, while Onesta's

"forthcoming motion to stay the district court's injunction order pending this appeal is briefed and

decided." Onesta's Motion at 1, 10. The Federal Circuit denied that request. Ex. B. Absent a stay—

which Onesta does not have and which this Court and the Federal Circuit have already denied—

Onesta is required to obey this Court's order and dismiss the German proceedings. Onesta has

shown no intention to do so and must show cause for its defiance.

### III. Conclusion: The Court Should Enforce Its Anti-Suit Injunction as to Onesta and Also Require Onesta to Show Cause Why It Should Not Be Held in Civil Contempt

Onesta's refusal to terminate the German proceedings is an ongoing and deliberate

violation of this Court's clear and unambiguous January 13, 2026 Order. Onesta's conduct

threatens to undermine the effectiveness of the Court's injunction and signals that compliance is

somehow optional pending appeal. It is not. As such, BMW respectfully requests that the Court:

1. **Order immediate enforcement of its Order and termination** of the German
   proceedings asserting U.S. patents against BMW;

6

2. **Order Onesta to file a sworn declaration,** attaching documentation from the German court(s), certifying compliance; and

3. **Order Onesta to show cause** why it should not be held in civil contempt of the January 13, 2026 Anti-Suit Injunction Order.

BMW requests these remedies, plus such other and further relief that the Court deems proper.

Respectfully submitted,

/s/ *Lionel M. Lavenue*

Lionel M. Lavenue (VA Bar No. 49005)
lionel.lavenue@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
1875 Explorer Street
Suite 800
Reston, VA 20190-6023
Telephone:     (571) 203-2750
Facsimile:     (202) 408-4400

J. Derek McCorquindale (VA Bar No. 77048)
(*pro hac vice*)
derek.mccorquindale@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
1875 Explorer Street
Suite 800
Reston, VA 20190-6023
Telephone:     (571) 203-2768
Facsimile:     (202) 408-4400

Matthew C. Berntsen (MA Bar No. 678533)
matthew.berntsen@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Seaport Lane
Sixth Floor
Boston, MA 02210-2001
Telephone:     (617) 646-1618
Facsimile:     (617) 646-1666

Joseph M. Myles (DC Bar No. 1672505)
joseph.myles@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001-4413
Telephone:     (202) 408-4372
Facsimile:     (202) 408-4400

*Attorneys for Plaintiff Bayerische Motoren Werke*
*Aktiengesellschaft*

8

## CERTIFICATE OF SERVICE

I hereby certify that, on January 15, 2026, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

/s/ *Lionel M. Lavenue*
Lionel M. Lavenue

**CERTIFICATE OF CONFERENCE**

BMW's counsel contacted Onesta's counsel by email on January 13, 14, and 15, 2026 regarding Onesta's compliance with the Court's January 13, 2026 Order. On each date, BMW requested confirmation that Onesta would promptly withdraw or terminate the German actions asserting U.S. patents, consistent with the Court's directive. Onesta, though, has clarified that it will not seek to dismiss the German cases.

/s/ *Lionel M. Lavenue*
Lionel M. Lavenue