# EXHIBIT 1

**No. 2026-1338**

**IN THE**

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT,

*Plaintiff-Appellee,*

v.

ONESTA IP, LLC,

*Defendant-Appellant.*

**On Appeal from the United States District Court for the**
**Western District of Texas (No. 6:25-cv-00581-ADA)**

---

BMW AG'S MOTION TO DISMISS THE APPEAL AS MOOT
AND MOTION TO EXPEDITE BRIEFING

---

Lionel M. Lavenue (Lead Counsel)
J. Derek McCorquindale
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
1875 Explorer Street,
Reston, VA 20190-6023
(571) 203-2700

Matthew C. Berntsen
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Two Seaport Lane, Sixth Floor
Boston, MA 02210-2001
(617) 646-1618

David K. Mroz
Joseph M. Myles
David T. Faurie
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001-4413
(202) 408-4091

*Counsel for Bayerische Motoren Werke*
*Aktiengesellschaft*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number:**  26-1338

**Short Case Caption:**  Bayerische Motoren Werke Aktiengesellschaft v. Onesta IP, LLC

**Filing Party/Entity:**  Bayerische Motoren Werke Aktiengesellschaft

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date:  March 3, 2026

Signature:  /s/ Lionel M. Lavenue

Name:  Lionel M. Lavenue

ii

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. <br><br> ☒ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. <br><br> ☒ None/Not Applicable |
| Bayerische Motoren Werke Aktiengesellschaft | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this **court** for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☒　　None/Not Applicable　　　　☐　　Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)　　☒ No　　☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☒　　None/Not Applicable　　　☐　　Additional pages attached

# TABLE OF CONTENTS

I.   Introduction: Onesta's Appeal Should Be Dismissed as Moot Because It Is Contractually Obligated to Terminate the German Proceedings, the Issue on Appeal ..............................................................................................2

II.  Background: Onesta Attempts to Circumvent This Court's Jurisdictional Requirements...............................................................................................5

    A.  In an Unprecedented Action, Onesta Initiates Actions in Munich Asserting U.S. Patents and Seeking Injunctions .........................................5

    B.  The WDTX Enjoins Onesta from Pursuing the German Proceedings.........6

    C.  Onesta Agrees to a Binding Term Sheet with Chip Supplier Qualcomm and Then Fails to Dismiss the Appeal........................................6

    D.  Onesta Asserted Mootness in the District Court on the Same Day It Sought to Extend Appellate Briefing in This Court...................................7

III. Legal Standard: Future Performance Does Not Prevent Mootness ....................9

IV.  Argument: Onesta's Sworn Statements Regarding Its Binding Term Sheet Require Dismissal of this Appeal.............................................................10

    A.  Onesta's Declaration Demonstrates That the Binding Term Sheet with Qualcomm Moots This Appeal ........................................................10

    B.  Onesta Incorrectly Quibbles That Its "Appeal Soon Will Be, *But Is Not Presently*, Moot," Despite Federal Circuit Precedent .........................12

    C.  It Is Immaterial That Onesta and Qualcomm Made a Private Agreement Regarding a Termination Schedule ........................................14

    D.  There Is No Contradiction in Seeking Dismissal of the ASI Appeal While BMW AG Maintains the DJ, Because They Request Different Relief...........................................................................................16

    E.  Any Request by Onesta to Vacate the ASI Should Be Denied Because Onesta Is the Party That Forfeited Appeal Through Voluntary Settlement..................................................................................18

V.  Conclusion: Dismissal Is Required, and This Court Should Reject Any
    Further Attempts to Delay Termination of This Appeal.....................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Qualcomm Inc.*,
  17 F.4th 1131 (Fed. Cir. 2021) ..............................................................11, 13, 20

*Aqua Marine Supply v. AIM Machining, Inc.*,
  247 F.3d 1216 (Fed. Cir. 2001) ...................................................................*passim*

*Genesis Healthcare Corp. v. Symczyk*,
  569 U.S. 66 (2013).......................................................................................10, 11

*Gould v. Control Laser Corp.*,
  866 F.2d 1391 (Fed. Cir. 1989) .....................................................................10, 16

*Hewlett-Packard Co. v. Acceleron LLC*,
  587 F.3d 1358 (Fed. Cir. 2009) ...........................................................................19

*Indus. Addition Ass'n v. Commissioner*,
  323 U.S. 310 (1945)..............................................................................................16

*Serta Simmons Bedding, LLC v. Casper Sleep Inc.*,
  950 F.3d 849 (Fed. Cir. 2020) ......................................................................*passim*

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998)...................................................................................................5

*Tosco Corp. v. Hodel*,
  804 F.2d 590 (10th Cir. 1986) .............................................................................15

*U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*,
  513 U.S. 18 (1994)..................................................................................*passim*

*United States v. Alaska S.S. Co.*,
  253 U.S. 113 (1920)..............................................................................................16

*Utter v. Hiraga*,
  845 F.2d 993 (Fed. Cir. 1988) ..............................................................................16

**Other Authorities**

Fed. Cir. R. 27 ...........................................................................................................1

Fed. R. App. P. 27 ..................................................................................................1

Pursuant to Fed. R. App. P. 27 and Fed. Cir. R. 27, Appellee Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") respectfully moves to dismiss this appeal as moot and further requests that this Court expedite Onesta IP LLC's ("Onesta") response to this motion to dismiss.

The only issue on appeal is Onesta's challenge of the district court's anti-suit injunction ("ASI") order requiring Onesta to terminate two cases asserting U.S. patents before the Munich Regional Court I (the "Munich court") in Germany. Expedited briefing on this dismissal motion is warranted because this appeal now turns on a threshold jurisdictional defect and because Onesta's litigation conduct reflects a pattern of delay and procedural maneuvering—most recently through serial extension requests to briefing on its "emergency" stay request while concealing a jurisdiction-destroying settlement. *See infra* §§ II.C-II.D. Allowing further delay would improperly prolong an admittedly moot appeal over which this Court lacks Article III jurisdiction.

Consistent with Fed. Cir. R. 27(c), BMW AG therefore proposes that Onesta's response be due no later than six days after the filing of this motion, i.e., by March 9, 2026, and, if the Court deems a reply necessary, that BMW AG's reply be due no later than two days thereafter, i.e., by March 11, 2026.

BMW AG informed Onesta on February 25, 2026, that this motion was forthcoming, *see* Dkt. 25-1 at 3 ("Unless Onesta promptly moves to dismiss this

1

appeal, BMW AG *will* file a dispositive motion to that effect in the coming days.") (emphasis added), and Onesta's opposition was evident in its reply, *see* Dkt. 27 at 1, 3. Onesta was further informed of this motion and the request for expedited briefing in e-mails of March 3, 2026. Onesta has not formally taken a position in that correspondence, but suggests that it will be writing in response.

## I.     Introduction: Onesta's Appeal Should Be Dismissed as Moot Because It Is Contractually Obligated to Terminate the German Proceedings, the Issue on Appeal

This appeal was mooted by the unilateral action of Onesta roughly one month ago when it executed a "binding term sheet ('Term Sheet')" requiring "termination of the German proceedings." Ex. 2 (Pearson Decl.) at ¶¶ 3, 6-7; *see* Ex. 3 (ITC Suspension Request).

Despite this agreement with third-party chip supplier Qualcomm Inc.— concluded at the latest by February 4, 2026—Onesta improperly prolongs jurisdiction before this Court by procedural maneuvering. *See* Ex. 3. Rather than dismissing the appeal when it executed "unalterable" settlement terms, Onesta has continued to leverage its pending Rule 8 motion to extend the administrative stay of the ASI via serial briefing extensions, now stretching to March 27, 2026— coinciding with the planned performance date of termination in Germany by private agreement. That past and future delay amounts to months of maintaining a mooted case before this Court without a live "case or controversy." But under settled Federal

Circuit precedent strictly policing its jurisdiction, "a binding settlement agreement generally moots the action *even if the agreement requires future performance*." *Serta Simmons Bedding, LLC v. Casper Sleep Inc.*, 950 F.3d 849, 853 (Fed. Cir. 2020) (emphasis added).

Onesta's jurisdictional gamesmanship should not be tolerated. Its *first* request for a briefing extension came February 17, 2026, nearly two weeks after it entered into the "binding Term Sheet" that "terminates" the German cases. *See* Dkt. 18 (First Ext. Request); Ex. 2 at ¶¶ 3, 6. It is now clear that Onesta had no intention of filing its allegedly "forthcoming" Rule 8 motion, because, as it knew, the appeal was already mooted by its own action. Indeed, the very day it submitted its *second* motion to extend briefing deadlines here, February 23, 2026, Onesta had the temerity to also file a motion to dismiss the underlying declaratory judgment ("DJ") action in Texas brought by BMW AG, urging that the binding Term Sheet fully mooted the dispute between Onesta and BMW AG. *See generally* Ex. 1 (Onesta's Opposed Rule 12(b)(1) Motion to Dismiss the DJ as Moot).

Despite Onesta embracing mootness in the district court, *see infra* § IV.A, when BMW AG exposed the contradiction here, Onesta hedged on the issue before this Court by representing that "this appeal soon will be, *but is not presently*, moot," because its agreed date to terminate in Germany was still more than a month away. *See* Dkt. 27 (Ext. Reply) at 3. Such "future performance" of actual termination does

3

not preclude a mootness finding at this time given Onesta's voluntary settlement at least a month ago. *Serta Simmons*, 950 F.3d at 853 ("a binding settlement agreement generally moots the action even if the agreement requires future performance").

Any complaint by Onesta regarding "prejudice" from immediate dismissal is a problem of its own making. *Compare* Dkt. 27 (Second Ext. Reply) at 2 ("This would prejudice Onesta because it would deny Onesta the procedural and substantive protections it negotiated in agreeing to the schedule to dismiss the German cases."). Onesta freely negotiated all settlement terms and dates; but parties have no right to use the jurisdiction of the Federal Circuit to stage further delay after eliminating the case or controversy. *See infra* § IV.C. And because Onesta's "own actions" have voluntarily led it to terminating the German proceedings, there can be no vacatur of the ASI decision opinion below. *See Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216, 1221 (Fed. Cir. 2001) (rejecting deviation "from the general rule against vacatur" articulated in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 24-26 (1994) ("[T]he losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal" and "surrender[ed] his claim to the equitable remedy of vacatur.")). *See infra* § IV.E.

Onesta suggests that "BMW merely argues that it would prefer the appeal to be dismissed." Dkt. 27 at 2. This is not a question of preference, but implementing strict federal jurisprudence concerning mootness. This motion and expedited briefing

should be granted because Article III's requirements are "inflexible and without exception," such that Onesta's own admissions in the district court regarding the "binding" settlement agreement demand prompt dismissal. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). *See infra* § IV.A.

## II. Background: Onesta Attempts to Circumvent This Court's Jurisdictional Requirements

### A. In an Unprecedented Action, Onesta Initiates Actions in Munich Asserting U.S. Patents and Seeking Injunctions

On October 9, 2025, Onesta sued BMW AG in the Munich court alleging infringement of the U.S. Patent Nos. 8,443,209 (the "209 Patent") and 8,854,381 (the "'381 Patent"), and European Patent EP 2,473,920. Onesta's German suits were an unprecedented attempt at extraterritorial patent enforcement, upending the global *status quo* by reading far too much into the CJEU's decision in *BSH v. Electrolux*. Onesta, a non-practicing entity from the United States, was the first patentholder following *BSH* to sue in the EU for alleged infringement of U.S. patents—a novel opportunity to apply extreme settlement pressure on BMW AG without allowing BMW AG to benefit from the U.S. procedural, jurisdictional, and constitutional protections available in domestic patent infringement suits. *See generally* Dkt. 7, Ex. 1 (ASI Motion).

On December 15, 2025, BMW AG filed a declaratory judgment action in the Western District of Texas ("WDTX") alleging invalidity, non-infringement, and

5

patent misuse of the '209 and '381 Patents and, the same day, sought an ASI to require Onesta to terminate the U.S. patent cases in Munich. *See* Dkt.7, Ex. 1.

### B.    The WDTX Enjoins Onesta from Pursuing the German Proceedings

On January 13, 2026, the Texas district court orally granted BMW AG's request for an ASI and ordered Onesta "to terminate the German case as to the United States patents." Dkt. 2, Ex. A at 64:4–10. Onesta requested a stay pending appeal, which the Texas district court declined, observing that "if I stay my decision and you proceed in Germany, it's going to be moving quickly . . . essentially eviscerat[ing] the injunction." *Id.* at 59:20–61:12. The trial court issued a clarifying order on January 15, 2026, and the next day this Court granted the current administrative stay of the ASI until Onesta could brief a full Rule 8 motion to stay the ASI decision for the duration of the appeal. Dkt. 15. Onesta bore the burden on such a stay motion; but that emergency briefing would never occur.

### C.    Onesta Agrees to a Binding Term Sheet with Chip Supplier Qualcomm and Then Fails to Dismiss the Appeal

No later than February 4, 2026, Onesta and third-party chip supplier Qualcomm reached an agreement on a binding Term Sheet. Ex. 3 (ITC Suspension). Onesta has maintained that the Term Sheet is "strictly confidential" and refused to allow BMW AG or any court to view the agreement. Ex. 1 at 1.

6

Despite knowing the exact language of the Term Sheet in early February, Onesta's description of the agreement has evolved over time. On February 11, 2026, in its request to stay the Munich proceedings under Section 251 of the German Code of Civil Procedure (ZPO), Onesta, using qualified language, represented that the "request is made in view of the term sheet mentioned by the defendant regarding Qualcomm components and bearing in mind that such components are *at least also* the subject matter of the present proceedings." Ex. 4 (Onesta's Motion to Stay Munich Litigation) (emphasis added). Less than a week later, on February 17, 2026, in its *first* request for a Rule 8 extension to this Court, Onesta definitively represented that "the binding term sheet *resolves the dispute between Onesta and BMW* because Qualcomm is the supplier to BMW." Dkt. 18 (emphasis added).

### D. Onesta Asserted Mootness in the District Court on the Same Day It Sought to Extend Appellate Briefing in This Court

On Monday, February 23, 2026—the same day it filed its *second* request for a briefing extension—Onesta also moved to dismiss the underlying WDTX declaratory judgment action for a lack of subject matter jurisdiction, asserting that the dispute "is now moot." Ex. 1 at 1; Dkt. 23. In support of its district court claim of mootness, Onesta, for the first time, submitted a sworn declaration and stated that its settlement Term Sheet with third-party Qualcomm "conclusively resolves the dispute between Onesta and BMW." Ex. 1 at 2; *see also id.* at 1 ("Onesta has provided the attached declaration to reassure this Court and BMW AG of the

7

relevant, unalterable effect of the Term Sheet"). The Pearson Declaration averred, in relevant part, as follows:

> 3.    Onesta and Qualcomm Inc. ("Qualcomm") entered into a binding term sheet ("Term Sheet") that resolves their dispute.
>
> 4.    The Term Sheet is strictly confidential between the parties to the agreement: Onesta and Qualcomm.
>
> 5.    An effect of the Term Sheet is the irrevocable licensing of BMW's infringement of the asserted patents through the use of Qualcomm components.
>
> 6.    An effect of the Term Sheet is the termination of the German proceedings.

> 7.    The German proceedings will be terminated in accordance with a schedule contemplated by the Term Sheet.
>
> 8.    The stay, in the alternative, requested in the Motion is for the minimum sufficient time required to allow the agreed schedule in the Term Sheet for termination of the German proceedings to take place.

Ex. 2 at 1-2 (annotations added). With this sworn declaration certifying just some of the details in the "strictly confidential" Term Sheet, *id.*, and now facing another illusory motion for long extensions on Rule 8 briefs that would never be written, BMW AG opposed and noted Onesta's admission of mootness. *See* Dkt. 25 at 3

8

("Where mootness results from settlement, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal . . . . Unless Onesta promptly moves to dismiss this appeal, BMW AG will file a dispositive motion to that effect in the coming days.") (citation omitted). This standalone motion to dismiss follows.

## III.   Legal Standard: Future Performance Does Not Prevent Mootness

"[I]t is axiomatic that a federal court may not address 'the merits of a legal question not posed in an Article III case or controversy,' and that 'a case must exist at all the stages of appellate review.'" *Aqua Marine Supply*, 247 F.3d at 1219 (Fed. Cir. 2001) (quoting *U.S. Bancorp*, 513 U.S. at 21).

"Generally, a '[s]ettlement moots an action' because there is no longer a case or controversy with respect to the settled issues." *Serta Simmons*, 950 F.3d at 852. (quoting *Gould v. Control Laser Corp.*, 866 F.2d 1391, 1392 (Fed. Cir. 1989)). That remains true "even if the agreement requires future performance." *Id.* at 853.

Parties cannot circumvent mootness by agreement and "'[w]ant of jurisdiction . . . may not be cured by consent of parties.'" *Gould*, 866 F.2d at 1393. In other words, if the circumstances of the case deprive the party seeking relief of "'a personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (citation omitted).

9

When mootness results from settlement, "the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal" and "thereby surrender[ed] his claim to the equitable remedy of vacatur." *U.S. Bancorp*, 513 U.S. at 25. "The judgment is not unreviewable, but simply unreviewed by [the losing party's] own choice." *Id.* This "is merely one application of the principle that '[a] suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.'" *Id.* (citation omitted). Put simply, vacatur is improper when "the jurisdiction-destroying event is a settlement . . . voluntarily entered" by the losing party. *Apple Inc. v. Qualcomm Inc.*, 17 F.4th 1131, 1137 (Fed. Cir. 2021); *see also Aqua Marine Supply*, 247 F.3d at 1221 (finding vacatur improper when the "lack of continuing interest in the [outcome] is the result of [the losing party's] own action entering into [a settlement agreement]").

## IV.   Argument: Onesta's Sworn Statements Regarding Its Binding Term Sheet Require Dismissal of this Appeal

### A.   Onesta's Declaration Demonstrates That the Binding Term Sheet with Qualcomm Moots This Appeal

In view of the Term Sheet entered with Qualcomm, *see infra* § II.C, Onesta previously articulated the subject-matter jurisdiction standard in the district court: "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, *at any point during litigation*, the action can no longer proceed and must be dismissed as moot." *See* Ex. 1 at 3 (emphasis added) (quoting

10

*Genesis Healthcare*, 569 U.S. at 71-72 (internal quotation marks omitted) (citation omitted)); *see also Aqua Marine Supply*, 247 F.3d at 1219 ("a case must exist at all the stages of *appellate* review") (emphasis added). Yet Onesta refuses to recognize that its *appeal* of the ASI requiring termination in Munich—the narrow remedy on interlocutory review here—is fully mooted by its "binding Term Sheet" with Qualcomm arranging for that termination. *See* Ex. 2.

Regarding the unseen content of the settlement, the Pearson Declaration states that "Onesta and Qualcomm Inc. ('Qualcomm') entered into a *binding term sheet that resolves their disputes*"; that "[a]n effect of the Term Sheet *is the termination* of the German proceedings"; and that "[t]he German proceedings *will be terminated* in accordance with a schedule contemplated by the Terms Sheet." *See* Ex. 2 at ¶¶ 2-7 (emphases added). The "termination of the German proceedings" is also the sole matter under consideration in this appeal, specifically whether the district court's ASI requiring that remedy should be enforced. *See, e.g.*, Dkt. 16 (Onesta Docketing Statement) at 1 ("Issues to be raised on appeal: The district court's grant of an . . . injunction enjoining Onesta from prosecuting its cases against BMW in Germany and *requiring Onesta to immediately terminate the same*.") (emphasis added). That circumscribed issue raised on appeal is now fully moot based on Onesta's settlement agreement. *See* Ex. 2 at ¶¶ 3-7; Ex. 1 at 2 ("the Term Sheet results in a settlement with Qualcomm that conclusively resolves the dispute between Onesta and BMW").

11

These clear statements in the Onesta briefing and Pearson Declaration should immediately end this appeal for lack of subject-matter jurisdiction: "As a general matter," according to this Court's strict jurisdictional precedent, "a case becomes moot if, through the action of the party seeking review, the immediate controversy is terminated." *Aqua Marine Supply*, 247 F.3d at 1220.

## B.    Onesta Incorrectly Quibbles That Its "Appeal Soon Will Be, *But Is Not Presently*, Moot," Despite Federal Circuit Precedent

Since at least the signing of its binding Term Sheet with Qualcomm, no later than February 4, 2026, Onesta's own actions have undermined jurisdiction before this Court. Yet Onesta knowingly maintained its mooted appeal, benefitting from the obscurity of an agreement it deems "strictly confidential." Ex. 1 at 1; Dkt. 23. As the only party in this appeal with full knowledge of the contents of the "binding Term Sheet" from the moment of signing, Onesta could have immediately informed the Court of this "jurisdiction-destroying event." *See Apple*, 17 F.4th at 1137 (quoting *U.S. Bancorp*, 513 U.S. at 24).

After obtaining Onesta's February 23, 2026, sworn declaration affirming that, indeed, the "effect of the Term Sheet is the termination of the German proceedings," Ex. 2 at ¶ 6, BMW AG raised the mootness of this appeal, Dkt. 25-1 at 4 ("Now that Onesta has affirmatively sworn, in another court, that the dispute, at least with respect to the Munich infringement allegations, is resolved because of a binding term

12

sheet, the facts have changed, and Onesta cannot credibly maintain this appeal.") (citing *Serta Simmons*, 950 F.3d at 853). But Onesta now parses the timing of events and irrelevantly argues that the "appeal is not *presently* moot because the German actions still exist," Dkt. 27 at 1, since these foreign suits to enforce U.S. patents will not be finally terminated until March 27, 2026. *See also* Dkt. 27 at 3 & n.2 ("this appeal soon will be, *but is not presently*, moot"). Onesta is wrong.

A controversy is terminated, according to the precedent of this Court, at the time the appellant enters a "binding settlement agreement" that would render its appeal moot. *Serta Simmons*, 950 F.3d at 853. The "binding Term Sheet" here—regardless of the future termination date in Germany—requires dismissal now pursuant to Federal Circuit precedent: "We conclude that a binding settlement agreement generally moots the action *even if the agreement requires future performance*." *Id*. (emphasis added). In view of *Serta Simmons*, Onesta cannot claim its appeal is not "*presently* moot because the German actions still exist," Dkt. 27 at 1.

In *Serta Simmons*, the parties entered a binding settlement agreement that also called for future performance: Casper had *ten* days to pay Serta Simmons, after which the parties would file dismissal papers and execute a mutual release from liability. 950 F.3d at 852. Notwithstanding that agreement, and before its terms were performed, the district court issued an order granting Casper's summary judgment motion of non-infringement. *Id.* at 851. This Court determined that the settlement

13

between the parties immediately mooted the action despite the "executory terms." *Id.* at 843 (quoting *Tosco Corp. v. Hodel*, 804 F.2d 590, 592 (10th Cir. 1986)). Casper's admission that the agreement was binding was fatal to the court's jurisdiction, even though "the agreement require[d] future performance." *Id.*

Just as Casper's admission that the agreement was binding *immediately* destroyed the court's jurisdiction in *Serta Simmons*, Onesta's admissions regarding the binding term sheet here likewise *immediately* deprived this court of jurisdiction on the day of its execution despite its requirement for future performance. *See id.* Onesta's plan to remain before this Court for months despite lacking subject matter jurisdiction—at least from February 4, 2026, to March 27, 2026, or longer—should result in immediate dismissal.

### C.     It Is Immaterial That Onesta and Qualcomm Made a Private Agreement Regarding a Termination Schedule

Onesta complains that immediate dismissal of this appeal pursuant to Federal Circuit law "would prejudice Onesta because it would deny Onesta the procedural and substantive protections it negotiated [with Qualcomm] in agreeing to the schedule to dismiss the German cases." Dkt. 27 at 2.

First, parties cannot manufacture jurisdiction by merely "agreeing" to remain before Article III courts. "Settlement moots an action . . . [*A*]*greement by the parties cannot confer jurisdiction on this court*. 'Want of jurisdiction . . . may not be cured by consent of the parties. . . .'" *Gould*, 866 F.2d at 1392-93 (emphasis added)

14

(quoting *Indus. Addition Ass'n v. Commissioner*, 323 U.S. 310, 313 (1945) and citing *Utter v. Hiraga*, 845 F.2d 993, 997, n.1 (Fed. Cir. 1988) ("Parties, by agreement or otherwise, are incapable of either adding to or detracting from a court's jurisdiction.")); *accord United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920) ("No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard."). Try as it might, Onesta cannot "agree" with Qualcomm to maintain ongoing jurisdiction for appeal where such was already mooted by their "binding" Term Sheet inked long ago. Dkt. 27 at 3 & n.2.

Second, there is no "prejudice" to Onesta in requiring that it abide by the same mootness rules as all other litigants in U.S. federal courts. Dkt. 27 at 2. These unyielding jurisdictional requirements are centuries old and Onesta was on notice of them when it freely negotiated its settlement with Qualcomm. Moreover, Onesta does not explain what cognizable "procedural and substantive protections," *id*., could have been secured in the secret Term Sheet to overcome the mootness it otherwise invited, *see* Ex. 2 at 1-2. And there is no basis to suggest that "the interests of justice," Dkt. 27 at 3, are relevant to negate Onesta's own choice to forfeit the appeal when it did by voluntary settlement. *See U.S. Bancorp*, 513 U.S. at 25 ("Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal . . . ."); *id*. at 29 ("the

15

mere fact that the settlement agreement provides for [a negotiated protection] . . . neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations").

**D.      There Is No Contradiction in Seeking Dismissal of the ASI Appeal While BMW AG Maintains the DJ, Because They Request Different Relief**

There is no validity to Onesta's suggestion that BMW AG is taking inconsistent positions by urging dismissal of this appeal as moot while opposing Onesta's efforts towards dismissal of the declaratory judgment action below. *See* Dkt. 25, 1 ("BMW does not explain that it *opposes* Onesta's motion to dismiss" before the district court). Onesta is the party seeking the benefit of the appellate jurisdiction of this Court and therefore bears the burden to establish a live controversy throughout its appeal.

Onesta's own representations at the district court supply the basis for mootness here. *See, e.g.*, Ex. 1 at 1 ("[a] binding agreement between Onesta and [Qualcomm] resolves the dispute between Onesta and BMW"); Ex. 2 ¶ 6 ("An effect of the Term Sheet is the termination of the German proceedings."). Those statements may be self-serving in the district court, but they are fatal to the termination issue currently reviewed under this Court's appellate jurisdiction, and that is enough to dismiss.

Critically, the broad disputes raised by BMW AG's declaratory judgment action in the district court *are not* coextensive with the narrow issue before this Court on

16

interlocutory review. This appeal concerns only the narrowly tailored ASI order for

Onesta "*to terminate* the German case as to the United States patents." Dkt. 2, Ex.

A at 64:4–10 (emphasis added). Onesta's own filings framed it the same way:

"Issues to be raised on appeal: The district court's grant of an . . . injunction enjoining

Onesta from prosecuting its cases against BMW AG in Germany and requiring

Onesta *to immediately terminate the same*." Dkt. 16 at 1 (emphasis added). And now

Onesta has stated in a sworn declaration that "[a]n effect of the Term Sheet *is the*

*termination* of the German proceedings," and that "[t]he German proceedings *will*

*be terminated* in accordance with a schedule contemplated by the Term Sheet." Ex.

2 at ¶¶ 6-7 (emphases added).

By contrast, the BMW AG declaratory judgment action encompasses a broader

set of controversies that extend beyond the German suits. It is axiomatic that

"[w]here one of the several issues presented becomes moot, the remaining live issues

supply the constitutional requirement of a case or controversy." *Powell v.*

*McCormack*, 395 U.S. 486, 496–97 (1969). That principle applies in this case:

Onesta's agreement to terminate the German proceedings resolves only the relief

sought through the ASI and does not eliminate the live controversy created by

Onesta's infringement allegations as a whole. Courts have long maintained

declaratory judgment jurisdiction based on demand letters, *see, e.g.*, *Hewlett-*

*Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1364 (Fed. Cir. 2009) (finding that

17

"solely a licensing entity" twice making "implied assertions" of its patent right supplied Article III standing for declaratory judgment jurisdiction), and once Onesta accused BMW AG of infringement, it cannot un-ring that bell to escape the broader declaratory judgment dispute simply by dismissing the foreign actions that should not have been filed in the first place.

### E. Any Request by Onesta to Vacate the ASI Should Be Denied Because Onesta Is the Party That Forfeited Appeal Through Voluntary Settlement

"Where mootness results from settlement," moreover, "the losing party [below] has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *U.S. Bancorp*, 513 U.S. at 25. The Federal Circuit honors this "general rule against vacatur" articulated in *U.S. Bancorp. See Aqua Marine Supply*, 247 F.3d at 1221.

In this case, Onesta admits that its voluntarily agreed "Term Sheet results in a settlement with Qualcomm that conclusively resolves the dispute between Onesta and BMW." Ex. 1 at 2. So vacatur of the district court decision on appeal would "be inappropriate because the jurisdiction-destroying event is a settlement [Onesta] voluntarily entered," i.e., "the party seeking relief from the judgment below caused the mootness by voluntary action." *Apple*, 17 F.4th at 1137 (quoting *U.S. Bancorp*, 513 U.S. at 24). In cases like this one, in which "mootness results from settlement,"

18

the Supreme Court is clear that "the losing party has voluntarily forfeited his legal remedy . . . thereby surrendering his claim to the equitable remedy of vacatur." *U.S. Bancorp*, 513 U.S. at 24; *Apple*, 17 F.4th at 1137 ("mootness by reason of settlement does not justify vacatur of a judgment under review"). This principle is all the more applicable where, as here, the Onesta settlement is with a *third party* and BMW AG was not privy to the negotiations and had nothing to do with agreement entered.

## V. Conclusion: Dismissal Is Required, and This Court Should Reject Any Further Attempts to Delay Termination of This Appeal

For the foregoing reasons, BMW AG respectfully requests that the Court dismiss this appeal as moot in light of Onesta's own sworn representations that the Munich proceedings targeted by the ASI are being terminated pursuant to settlement. Further, expedited briefing on this motion is requested to timely consider and dismiss the mooted matter.

Date: March 3, 2026

Respectfully submitted,

*/s/ Lionel M. Lavenue*
Lionel M. Lavenue
J. Derek McCorquindale
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
1875 Explorer Street
Suite 800
Reston, VA 20190-6023
(571) 203-2700

Matthew C. Berntsen
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Two Seaport Lane, Sixth Floor
Boston, MA 02210-2001
(617) 646-1618

David K. Mroz
Joseph M. Myles
David T. Faurie
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001-4413
(202) 408-4091

*Counsel for Bayerische Motoren Werke
Aktiengesellschaft*

20

## CERTIFICATE OF COMPLIANCE

The foregoing brief complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because:

The brief has been prepared using a proportionally spaced typeface and includes 4,554 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b).


Date: March 3, 2026                    /s/ *Lionel M. Lavenue*
                                       Lionel M. Lavenue

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT,<br><br>Plaintiff,<br><br>v.<br><br>ONESTA IP, LLC,<br><br>Defendant. | Case No. 6:25-cv-00581-ADA |

**DEFENDANT ONESTA IP, LLC'S OPPOSED RULE 12(B)(1) MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION,
<u>OR IN THE ALTERNATIVE, FOR A STAY</u>**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................. 1

III.  LEGAL AUTHORITY ....................................................................................... 3

    A.   Subject Matter Jurisdiction—Mootness ............................................... 3

    B.   Declaratory Judgment Actions in Patent Cases ................................... 4

    C.   F.R.C.P. Rule 12(b)(1) ........................................................................... 5

IV.  ARGUMENT ..................................................................................................... 6

    A.   The Controversy Between BMW and Onesta is No Longer 'Live' .................. 6

    B.   BMW No Longer Has a Personal Stake in the Outcome of this Litigation. ....... 6

    C.   If the Court Determines That It Has Subject Matter Jurisdiction, then the Case Should be Stayed Until March 27, 2026. .................................... 8

V.   CONCLUSION ................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*
    300 U.S. 227 (1937) .................................................................................................. 4

*Already, LLC v. Nike, Inc.*
    568 U.S. 85 (2013) ................................................................................................ 4, 8

*Apple Inc. v. Qualcomm Inc.*
    992 F.3d 1378 (Fed. Cir. 2021) ................................................................................ 7

*B. Braun Med., Inc. v. Abbott Lab'ys*
    124 F.3d 1419 (Fed. Cir. 1997) ............................................................................ 7, 8

*Bayerische Motoren Werke Aktiengesellschaft v. Onesta IP, LLC*
    No. 2023-1338, ECF No. 22 (Fed. Cir. Feb. 19, 2026) ............................................ 8

*Benitec Australia, Ltd. v. Nucleonics, Inc.*
    495 F.3d 1340 (Fed. Cir. 2007) ................................................................................ 4

*Bennett v. Spear*
    520 U.S. 154 (1997) .................................................................................................. 4

*Certain Integrated Cirs., Elec. Devices Containing the Same, and Components Thereof*
    Inv. No. 337-TA-1450, EDIS Doc. ID 871674 (Feb. 5, 2026) .............................. 1, 8

*Cont'l Automotive GmbH v. iBiquity Digital Corp.*
    No. 2015 WL 859569 (N.D. Ill. Feb. 26, 2015) ...................................................... 7

*Dow Jones & Co. v. Ablaise Ltd.*
    606 F.3d 1338 (Fed. Cir. 2010) ................................................................................ 5

*Genesis Healthcare Corp. v. Symczyk*
    569 U.S. 66 (2013) .................................................................................................... 3

*Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*
    143 F.3d 1006 (5th Cir. 1998) .................................................................................. 3

*In re Tech. Licensing Corp.*
    423 F.3d 1286 (Fed. Cir. 2005) ................................................................................ 7

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*
    312 U.S. 270 (1941) .................................................................................................. 4

*MedImmune, Inc. v. Genentech, Inc.*
535 F. Supp. 2d 1000 (C.D. Cal. 2008) ............................................................ 7

*MedImmune, Inc. v. Genentech, Inc.*
549 U.S. 118 (2007) ........................................................................... 4, 6, 7

*Microchip Tech. Inc. v. Chamberlain Grp., Inc.*
441 F.3d 936 (Fed. Cir. 2006) ................................................................. 4, 6

*Mitek Sys., Inc. v. United Servs. Auto. Ass'n*
139 F.4th 1340 (Fed. Cir. 2025) ............................................................. 4, 5

*Powell v. McCormack*
395 U.S. 486 (1969) ............................................................................... 3

*Ramming v. United States*
281 F.3d 158 (5th Cir. 2001) .................................................................... 6

*SanDisk Corp. v. STMicroelectronics, Inc.*
480 F.3d 1372 (Fed. Cir. 2007) ................................................................. 5

*Steel Co. v. Citizens for a Better Env't*
523 U.S. 83 (1998) ............................................................................... 8

*Steffel v. Thompson*
415 U.S. 452 (1974) ............................................................................... 3

*Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*
778 F.3d 502 (5th Cir. 2015) .................................................................... 5

*TransCore, LP v. Elec. Transaction Consultants Corp.*
563 F.3d 1271 (Fed. Cir. 2009) ............................................................... 5, 7

*U.S. Parole Comm'n v. Geraghty*
445 U.S. 388 (1980) ............................................................................... 3

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*
454 U.S. 464 (1982) ............................................................................... 3

**Statutes**

35 U.S.C. 285 ...................................................................................... 8

**Rules**

Fed. R. Civ. P. 12(b)(1) ......................................................................... 1, 5

## I.      INTRODUCTION

Onesta IP, LLC ("Onesta") moves to dismiss this case because it is now moot. There is no longer a dispute between Onesta and BMW that meets Article III's "case" or "controversy" requirements. A binding agreement between Onesta and Qualcomm Inc. ("Qualcomm"), resolves the dispute between Onesta and BMW because Qualcomm is the supplier to BMW of the infringing technology. Consequently, there is no longer subject matter jurisdiction for any of the claims in the Complaint, and this case must be dismissed under FED. R. CIV. P. 12(b)(1).

## II.     BACKGROUND

In April 2025, Onesta filed infringement actions against Qualcomm in this district and the ITC. In those actions, Onesta alleged that certain Qualcomm chips infringed U.S. 8,854,381, one the two patents at issue in this case. *Onesta IP, LLC v. Qualcomm Inc.*, No. 1-25-cv-00587 (W.D. Tex. Apr. 17, 2025); *Certain Integrated Cirs., Elec. Devices Containing the Same, and Components Thereof*, Inv. No. 337-TA-1450 (Apr. 18, 2025).  Onesta and Qualcomm have now entered a binding term sheet ("Term Sheet") that resolves their dispute. Ex. A, Declaration of Daniel R. Pearson, ¶ 3. Accordingly, the ITC action has been stayed pending execution of the final settlement agreement.  *Certain Integrated Cirs., Elec. Devices Containing the Same, and Components Thereof*, Inv. No. 337-TA-1450, EDIS Doc. ID 871674 (Feb. 5, 2026).  Onesta is unable to attach the Term Sheet to this Motion because it is strictly confidential between Onesta and Qualcomm.  Filing it under seal would provide a copy to BMW, who is a beneficiary of the Term Sheet but is not a direct party to it.  In lieu of the Term Sheet, Onesta has provided the attached declaration to reassure this Court and BMW of the relevant, unalterable effect of the Term Sheet—resolution of BMW's infringement and the termination of the German proceedings. Ex. A.

In October 2025, following the landmark *Electrolux* decision of the CJEU, Onesta initiated proceedings in Munich Regional Court I (the "German proceedings") against BMW alleging that

1

BMW infringes U.S. 8,443,209 and U.S. 8,854,381 (the "Asserted Patents"). In the German proceedings, Onesta alleged that BMW's products infringe the Asserted Patents through their incorporation of Qualcomm chips. Both BMW and Onesta agree that the basis for the infringement claims against BMW arise from the integration of Qualcomm's chips in BMW's products. *See* Ex. B (Machine Translation of Notice by BMW's German Counsel in the German Proceedings), 3 ("the contested embodiments are characterized, according to the statement of claim, by a built-in processor chip from the manufacturer Qualcomm"). All of Onesta's German infringement proceedings are currently suspended, in view of the mutual requests of the parties following the agreement between Onesta and Qualcomm. *See* Exs. C–D (Orders Suspending the German Proceedings).

In response to Onesta's German proceedings, BMW brought the present declaratory judgement action. The Complaint includes counts of invalidity, non-infringement, and patent misuse for each of the Asserted Patents. *Compl.* ¶¶ 41–157. In each count of the Complaint, BMW exclusively points to the infringement alleged in the German proceedings to show "an actual controversy has arisen and now exists between BMW AG and Onesta regarding BMW AG's alleged infringement of the [Asserted Patents]". *E.g., Compl.*, ¶¶ 42–43, 79–80, 113, 119, 123, 129, 144, 155.

BMW agrees that the Term Sheet results in a settlement with Qualcomm that conclusively resolves the dispute between Onesta and BMW. To that end, BMW notified the Munich court of the recent suspension in the ITC proceeding against Qualcomm. In that notice, BMW stated:

> "This settlement is also relevant to the present proceedings, as the contested embodiments are characterized, according to the statement of claim, by a built-in processor chip from the manufacturer Qualcomm, and the patent in suit is also said to be the subject matter of the license agreement. **A licensing agreement in favor of Qualcomm would also benefit the defendant and deprive the present proceedings of their basis**."

Ex. B, 3 (emphasis added).

## III.    LEGAL AUTHORITY

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Constitution prohibits a federal court from adjudicating a moot case.

### A.    Subject Matter Jurisdiction—Mootness

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). "A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71-72 (2013) (internal quotation marks omitted) (citation omitted); *see also Steffel v. Thompson*, 415 U.S. 452, n. 10 (1974) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.")

"[M]ootness has two aspects: 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The Supreme Court has referred to the latter aspect as the "personal stake" requirement. *Id.* at 396. A plaintiff's personal stake is evaluated through the lens of standing. *Id.* at 397. The "irreducible constitutional minimum" of standing requires a plaintiff to demonstrate (1) "injury in fact," (2) "fairly traceable"

3

to the defendant, and (3) "likely" to be redressed by a favorable decision. *Bennett v. Spear*, 520 U.S. 154, 162 (1997).

Once the controversy between the plaintiff and defendant is no longer live or the plaintiff's personal stake in the outcome is gone, the claims are moot "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). A dismissal for mootness also requires a showing that the challenged behavior cannot reasonably be expected to recur. *Id.* at 96.

In the Declaratory Judgment Act, "the phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–127 (2007) (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937)). Consequently, a district court has subject matter jurisdiction only if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. at 127 (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

### B.        Declaratory Judgment Actions in Patent Cases

As between a district court's regional circuit and the Federal Circuit, Federal Circuit law governs "whether an actual controversy exists under the Declaratory Judgment Act when the underlying merits of an action involve patent infringement and/or validity." *Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 139 F.4th 1340, 1347 (Fed. Cir. 2025) (quoting *Microchip Tech. Inc. v. Chamberlain Grp., Inc.*, 441 F.3d 936, 940 (Fed. Cir. 2006)). To determine whether an actual controversy exists courts should consider "what, if any, cause of action the declaratory judgment defendant may have against the declaratory judgment plaintiff." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007); *see also Microchip*, 441 F.3d at 943

4

("Without an underlying legal cause of action, any adverse economic interest that the declaratory plaintiff may have against the declaratory defendant is not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction."). To that end, "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). Consequently, a covenant not to sue may "extinguish[] any current or future case or controversy between the parties, and divest[] the district court of subject matter jurisdiction." *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010). "A non-exclusive patent license is equivalent to a covenant not to sue." *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009).

### C.    F.R.C.P. Rule 12(b)(1)

In declaratory judgment actions, non-patent issues are governed by the law of the regional circuit. *Mitek*, 139 F.4th at 1347. Therefore, Fifth Circuit law provides the legal standard for motions under F.R.C.P. Rule 12(b)(1). F.R.C.P. Rule 12(b)(1) allows a party to seek dismissal of claims for "lack of subject matter jurisdiction." In the Fifth Circuit, a Rule 12(b)(1) motion is treated as either a facial or factual challenge. A challenge is factual if the defendant "submits affidavits, testimony, or other evidentiary materials." *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (citation omitted). "To defeat a factual attack, a plaintiff 'must prove the existence of subject-matter jurisdiction by a preponderance of the evidence' and is 'obliged to submit facts through some evidentiary method to sustain his burden of proof.'" *Id.* (citation omitted).  Ultimately, "[t]he burden of proof for a Rule 12(b)(1) motion to

5

dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## IV. ARGUMENT

The Term Sheet between Onesta and Qualcomm moots this case. First, the issues presented in this case are no longer live. Per the Term Sheet, BMW's (through Qualcomm's) infringement is resolved and there is an agreed schedule for termination of the German proceedings. Ex. A. The German proceedings are being wound down in accordance with the Term Sheet. Second, BMW has no injury in fact and thus no personal stake in the outcome of this litigation. Furthermore, the controversy giving rise to the Complaint—infringement allegations against BMW, cannot reasonably be expected to recur in view of the Term Sheet. Because there is no longer a controversy between Onesta and BMW regarding BMW's infringement, BMW cannot meet its burden to establish subject matter jurisdiction here.

### A. The Controversy Between BMW and Onesta is No Longer 'Live'.

The sole legal controversy BMW identifies in its Complaint is the German proceedings asserting U.S. patents. *See Compl.* ¶¶ 42–43, 79–80, 113, 119, 123, 129, 144, 155. Because the Term Sheet has resolved BMW's infringement, and thus the now-suspended German proceedings are being wound down on an agreed schedule, the required legal (*i.e.*, subject to an award of damages) controversy between BMW and Onesta is no longer live. *Microchip*, 441 F.3d at 943 (Fed. Cir. 2006); *MedImmune*, 549 U.S. at 127.[1]

### B. BMW No Longer Has a Personal Stake in the Outcome of this Litigation.

Accordingly, BMW no longer has an injury-in-fact that is redressable by a favorable decision of this court.

---

[1] BMW agrees that the "licensing agreement in favor of Qualcomm would also benefit [BMW] and deprive the [German] proceedings of their basis." Ex. B, 3.

"Under Federal Circuit precedent, a properly executed covenant not to sue for infringement not only moots the controversy with respect to infringement, but it also eliminates subject matter jurisdiction with respect to remaining declaratory claims for patent invalidity and unenforceability." *MedImmune, Inc. v. Genentech, Inc.*, 535 F. Supp. 2d 1000, 1005 (C.D. Cal. 2008) (on remand from the Supreme Court and Federal Circuit) (citations omitted).  The analysis is no different if the legal controversy is resolved through a license agreement, because "[a] non-exclusive patent license is equivalent to a covenant not to sue." *TransCore*, 563 F.3d at 1275; *see also, e.g.*, *Apple Inc. v. Qualcomm Inc.*, 992 F.3d 1378, 1383-85 (Fed. Cir. 2021) (applying *MedImmune* standard to find infringer lacked standing following settlement agreement).

Here, BMW's Complaint includes counts for declaratory judgements of non-infringement, invalidity, and patent misuse. *Compl.* ¶¶ 41–157. BMW does not and cannot seek damages for these claims so none independently give rise to a legal controversy.  *Compl.* ¶¶ Prayer for Relief; *In re Tech. Licensing Corp.*, 423 F.3d 1286 (Fed. Cir. 2005); *B. Braun Med., Inc. v. Abbott Lab'ys*, 124 F.3d 1419, 1428 (Fed. Cir. 1997) ("monetary damages may not be awarded under a declaratory judgment counterclaim based on patent misuse, because patent misuse imply renders the patent unenforcable." (quotations omitted)); *Cont'l Automotive GmbH v. iBiquity Digital Corp.*, No. 2015 WL 859569 at *7 (N.D. Ill. Feb. 26, 2015) (noting that following *Braun*, "there is no disagreement among the courts that patent misuse doctrine cannot be asserted for monetary relief.").  BMW recognizes as much in its prayer for relief which only includes requests for declaratory relief of non-infringement, invalidity, and patent misuse. Because the Term Sheet has removed the underlying infringement, there is no longer a controversy between Onesta and BMW sufficient to give this Court jurisdiction over BMW claims—just as in *MedImmune*. Furthermore, BMW's counts of patent misuse are an equitable unenforceability defense that "may not be converted to an affirmative claim for damages simply by restyling it as a declaratory judgment counterclaim."

*Braun*, 124 F.3d at 1428.

During the meet and confer process, one of the reasons that BMW stated it opposed this Motion is that it intends to seek relief in the form of costs and attorneys' fees under 35 U.S.C. § 285. BMW is neither the prevailing party nor entitled to costs and attorneys' fees, but BMW's contentions in this regard do not confer standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("An interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.") (internal quotation marks omitted) (citation omitted).

Finally, the alleged wrongdoing cannot reasonably be expected to recur. The Term Sheet "unconditional[ly] and irrevocabl[y]" resolves all issues of BMW's infringement. *Already,* 568 U.S. at 93 (2013). It thus "deprive[s] the [German] proceedings of their basis" and Onesta's infringement claims cannot be re-filed in the future in Germany or anywhere else. Ex. B, 3.

**C.   If the Court Determines That It Has Subject Matter Jurisdiction, then the Case Should be Stayed Until March 27, 2026.**

The ITC action has been stayed. *Certain Integrated Cirs., Elec. Devices Containing the Same, and Components Thereof*, Inv. No. 337-TA-1450, EDIS Doc. ID 871674 (Feb. 5, 2026). The German infringement proceedings have been suspended. Exs. C–D. The appeal of this Court's order granting the anti-suit injunctions may have its deadlines further extended or stayed. *See Bayerische Motoren Werke Aktiengesellschaft v. Onesta IP, LLC*, No. 2023-1338, ECF No. 22 (Fed. Cir. Feb. 19, 2026) ("The motion is granted to the extent that Onesta's anticipated Rule 8 motion is due no later than February 27, 2026 subject to Onesta requesting a further extension (or a stay) if the German court suspends the actions."). The dispute between the parties is resolved.

To the extent BMW argues that subject matter jurisdiction still exists because Onesta— being unable to disclose the Term Sheet to a non-party beneficiary of it—cannot prove BMW's

8

infringement is resolved: that argument is made in bad faith. Multiple tribunals have stayed proceedings due to the reality of the settlement, and BMW itself told the Munich court that there would no longer be any basis for Onesta's infringement claims due to the Term Sheet. Ex. B, 3.

To the extent BMW argues that subject matter jurisdiction still exists because either or both of the ITC and German actions still technically exist, this is wrong and ignores the reality of the irrevocability of the Term Sheet. Nonetheless, if the Court finds this argument persuasive, Onesta respectfully submits that good cause exists to stay these proceedings until March 27, 2025. This is the minimum sufficient time required to allow the agreed schedule in the Term Sheet for termination of the German proceedings to take place. Ex. A. It would be an undue burden on the parties and the Court to have any further proceedings take place in this case because there is no longer a legal controversy, and subject matter jurisdiction is lacking.

## V. CONCLUSION

Onesta respectfully requests that this Court enter an order dismissing this case, or in the alternative, staying the case until March 27, 2026.

DATED: February 23, 2026

Respectfully submitted,

*/s/ Daniel R. Pearson*
Jason D. Cassady
Texas Bar No. 24045625
Email: jcassady@caldwellcc.com
Austin Curry
Texas Bar No. 24059636
Email: acurry@caldwellcc.com
Daniel R. Pearson
Texas Bar No. 24070398
Email: dpearson@caldwellcc.com
Aisha M. Haley
Texas Bar No. 24139895
Email: ahaley@caldwellcc.com
**CALDWELL CASSADY & CURRY P.C.**
2121 N Pearl Street, Suite 1200
Dallas, Texas 75201
Telephone:  (214) 888-4848
Facsimile:   (214) 888-4849

Mark D. Siegmund
State Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, Texas   76710
Telephone:  (254) 732-2242
Facsimile:   (866) 627-3509
msiegmund@cjsjlaw.com

**ATTORNEYS FOR DEFENDANT
ONESTA IP, LLC**

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, Local Rule CV-5, I hereby certify that, on February 23, 2026, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Daniel R. Pearson*
Daniel R. Pearson

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel has complied with the meet and confer requirements of Local Rule CV-7(g).  Counsel for both parties discussed the issues presented here on February 20, 2026. Counsel for Defendant indicated that they are opposed to Plaintiff's request.

*/s/ Daniel R. Pearson*
Daniel R. Pearson

# EXHIBIT 2

# *Exhibit A*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

BAYERISCHE MOTOREN WERKE
AKTIENGESELLSCHAFT,

          Plaintiff,

      v.

ONESTA IP, LLC,

          Defendant.

Case No. 6:25-cv-00581-ADA

**DECLARATION OF DANIEL R. PEARSON
IN SUPPORT OF DEFENDANT ONESTA IP, LLC'S MOTION TO DISMISS FOR LACK
OF SUBJECT MATTER JURISDICTION**

I, Daniel R. Pearson, hereby declare as follows:

1.      I am a Principal at the law firm of Caldwell Cassady Curry P.C. in Dallas, Texas. I am admitted to practice in the State of Texas and the Western District of Texas. I submit this declaration based on personal knowledge and following a reasonable investigation. If called upon as a witness, I could and would competently testify to the truth of each statement herein.

2.      Onesta IP, LLC ("Onesta") filed patent infringement claims on two U.S. patents in the Munich Regional Court I ("the German proceedings").

3.      Onesta and Qualcomm Inc. ("Qualcomm") entered into a binding term sheet ("Term Sheet") that resolves their dispute.

4.      The Term Sheet is strictly confidential between the parties to the agreement: Onesta and Qualcomm.

5.      An effect of the Term Sheet is the irrevocable licensing of BMW's infringement of the asserted patents through the use of Qualcomm components.

6.      An effect of the Term Sheet is the termination of the German proceedings.

1

7.      The German proceedings will be terminated in accordance with a schedule contemplated by the Term Sheet.

8.      The stay, in the alternative, requested in the Motion is for the minimum sufficient time required to allow the agreed schedule in the Term Sheet for termination of the German proceedings to take place.

9.      The document attached as Exhibit B is a true and correct copy of a machine translation of BMW's notice filed with the Munich Regional Court I.

10.     The document attached as Exhibit C is a true and correct copy of a translation of the Munich Regional Court's order suspending the action associated with the '381 patent.

11.     The document attached as Exhibit D is a true and correct copy of a translation of the Munich Regional Court's order suspending the action associated with the '209 patent.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 23, 2026

/s/ Daniel R. Pearson
Daniel R. Pearson

2

# EXHIBIT 3

# Exhibit 1

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, D.C.**

**Before The Honorable Monica Bhattacharyya**
**Administrative Law Judge**

| | |
|---|---|
| In the Matter of<br><br>CERTAIN INTEGRATED CIRCUITS,<br>ELECTRONIC DEVICES CONTAINING<br>THE SAME, AND COMPONENTS<br>THEREOF | Investigation No. 337-TA-1450 |

**JOINT UNOPPOSED MOTION TO TEMPORARILY SUSPEND-IN-PART THE**
**PROCEDURAL SCHEDULE**
**AS TO QUALCOMM, ONEPLUS, AND NOTHING TECHNOLOGY**

Pursuant to Commission Rule 210.21(b), Complainant Onesta IP, LLC ("Onesta" or "Complainant") and Qualcomm Incorporated ("Qualcomm") (together, the "Moving Parties") jointly move to immediately temporarily suspend-in-part the procedural schedule in the above-captioned Investigation as to Respondent Qualcomm, and its customers, Respondents OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") and Nothing Technology Limited ("Nothing"), for a period of twenty-one days from the filing of this joint motion pending a forthcoming motion to terminate based on a settlement.

Onesta and Qualcomm have reached an agreement on a binding term sheet, and have agreed to file a motion for termination of the Investigation as to Respondents Qualcomm, OnePlus, and Nothing, upon final execution of the Moving Parties' definitive agreement. Given the imminent deadlines in the Procedural Schedule, including the cut-off date for fact discovery (and supplements to non-burden contentions) on Wednesday, February 4, 2026, the deadline for motions to compel fact discovery on Friday, February 13, 2026, and the exchange of initial expert reports on Wednesday, February 18, 2026, the Moving Parties respectfully request that the procedural deadlines as to Qualcomm, OnePlus, and Nothing be temporarily suspended.

Good cause exists to impose this partial suspension of the Procedural Schedule as to Respondents Qualcomm, OnePlus, and Nothing, as doing so will preserve substantial private party and Commission resources and will facilitate the swift preparation of the Moving Parties' definitive agreement.  *See, e.g., Certain Basketball Backboard Components & Prods. Containing the Same*, Inv. No. 337-TA-1040, Order No. 12 (Aug. 7, 2017) (granting motion to suspend the procedural schedule in view of a settlement and forthcoming motion to terminate). Motions to suspend the procedural schedule based on settlement and pending a forthcoming motion to terminate are routinely granted in these circumstances. *See, e.g., Certain Integrated Circuits, Mobile Devices Containing the Same, and Components Thereof*, Inv. No. 337-TA-1335, Order No. 23 (Apr. 25, 2023).

To this end, the interests of efficiency will be well served by a short suspension of the procedural schedule as to Qualcomm and its customers for a period of twenty-one days from the filing of this joint motion.

**Ground Rule 3.2 Certification**: Pursuant to Ground Rule 3.2, the Moving Parties certify that they have made reasonable, good-faith efforts to resolve the matter with the parties. Staff and the other Respondents do not oppose the motion.

Dated: February 4, 2026                                 Respectfully submitted,


*/s/ William E. Devitt*                                 */s/ Michael T. Renaud*
Deanna Tanner Okun                                      Michael T. Renaud
Daniel F. Smith                                         Adam S. Rizk
Lauren E. Peterson                                      Samuel F. Davenport
Sean M. Wesp                                            William Meunier
POLSINELLI P.C.                                         Marguerite McConihe
1401 Eye Street N.W., Suite 800                         Michael McNamara
Washington, D.C.  20005                                 Peter Snell
Telephone: (202) 626-8320                               Matthew A. Karambelas
                                                        Catherine Xu
William E. Devitt                                       Kumar Ravula
Marc S. Blackman                                        Sean Casey
Matthew J. Hertko                                       Courtney Herndon
Kristina N. Hendricks                                   Paul Weinand
JONES DAY                                               Laura Petrasky
110 N. Wacker Drive, Suite 4800                         Hannah M. Edge
Chicago, IL  60606                                      Mintz Levin Cohn Ferris
Telephone: (312) 782-3939                                Glovsky and Popeo PC
                                                        One Financial Center
Vishal V. Khatri                                        Boston, MA 02111
Jennifer L. Swize                                       Tel: 617-542-6000
Yury Kalish                                             Fax: 617-542-2241
JONES DAY
51 Louisiana Ave N.W.
Washington, DC 20001                                    Yanyi Liu
Telephone: (202) 879-3939                               Mintz Levin Cohn Ferris
                                                         Glovsky and Popeo PC
                                                        44 Montgomery Street, 36th Floor
Keith Davis                                             San Francisco, CA 94104
JONES DAY                                               Tel: 415-432-6013
2727 North Harwood Street, Suite 500
Dallas, TX  75201                                       *Counsel for Complainant Onesta IP, LLC*
Telephone: (214) 220-3939


*Counsel for Respondent Qualcomm Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2026 unless otherwise indicated, one copy of the foregoing was filed/served on the following:

| | |
|---|---|
| The Honorable Lisa R. Barton<br>Secretary to the Commission<br>**U.S. International Trade Commission**<br>500 E Street S.W., Room 112<br>Washington, DC 20436 | By EDIS |
| The Honorable Monica Bhattacharyya<br>**U.S. International Trade Commission**<br>500 E Street S.W.<br>Washington, DC 20436 | By Email:<br>Bhattacharyya337@usitc.gov |
| Ryan Schmid, Esq.<br>**Office of Unfair Import Investigations**<br>**U.S. International Trade Commission**<br>500 E Street S.W., Room 401<br>Washington, D.C. 20436 | By Email:<br>Ryan.Schmid@usitc.gov |
| Michael T. Renaud, Esq.<br>**MINTZ, LEVIN, COHN, FERRIS,**<br>**GLOVSKY AND POPEO P.C.**<br>One Financial Center<br>Boston, MA 02111<br><br>Ryan A. Rucki<br>Steven J. Torres<br>**TORRES, SCAMMON, HINCKS & DAY,**<br>**LLP**<br>119 High Street<br>Boston, MA 02111 | *Counsel for Complainants Onesta IP, LLC*<br><br>By Email:<br>ONESTA-ITC@MINTZ.COM |
| William F. Lee<br>Michael J. Summersgill<br>Jordan Hirsch<br>Harry Hanson<br>**WILMER CUTLER PICKERING HALE**<br>**AND DORR LLP**<br>60 State Street<br>Boston, MA 02109<br><br><br>Todd Zubler<br>Grant Rowan<br>Amanda Major<br>Heath Brooks | *Counsel for Respondent NVIDIA Corporation*<br><br>By Email:<br>WHNivida-Onesta1450Servicelist@wilmerhale.com |

| | |
|---|---|
| **WILMER CUTLER PICKERING HALE AND DORR LLP** 2100 Pennsylvania Ave. NW Washington, DC 20037 <br><br> Derek A. Gosma **WILMER CUTLER PICKERING HALE AND DORR LLP** 350 South Grand Avenue, Suite 2400 Los Angeles, CA 90071 | |
| Theresa A. Roozen Michael Grosso **PILLSBURY WINTHROP SHAW PITTMAN LLP** 7900 Tysons One Place, Suite 500 Tysons, VA 22102 <br><br> Jack Ko, Ph.D. **PILLSBURY WINTHROP SHAW PITTMAN LLP** Suite 3001, 30th Floor, Jing An Kerry Center, Tower 2 1539 Nanjing Road West Shanghai, 200041 | *Counsel for Respondent OnePlus Technology (Shenzhen) Co., Ltd.* <br><br> By Email: OnePlusITC1450@Pillsburylaw.com |
| Charles S. Barquist **MASCHOFF BRENNAN GILMORE ISRAELSEN & MAURIEL** 1801 Century Park East, Suite 2400 Los Angeles, California 90067 <br><br> Jacob Israelsen **MASCHOFF BRENNAN GILMORE ISRAELSEN & MAURIEL** 95 S State Street, Suite 800 Salt Lake City, Utah 84123 | *Counsel for Respondent Nothing Technology Limited* <br><br> By Email: MB_NTech_337-TA-1450@mabr.com |
| Deanna Tanner Okun **POLSINELLI P.C.** 1401 Eye Street N.W., Suite 800 Washington, D.C. 20005 | *Counsel for Respondent Qualcomm Incorporated* <br><br> By Email: qcom-1450-itc@polsinelli.com |

/s/ *Andrea Solomon*
Andrea Solomon
Paralegal

# EXHIBIT 4



PE BRM PD
AD Abt
11. Februar 2026
AZ B180857VL3
PE BEATMS 16:46
Komm.

BRM - 11.02.2026 // 16:5

# PETERREINS SCHLEY
### PATENT- UND RECHTSANWÄLTE



Peterreins Schley · Hermann-Sack-Straße 3 · 80331 München

**Via beA**

Munich Regional Court I
– Patent Litigation Division –
Prielmayerstraße 7
80335 Munich

Our reference: 51177- 0006LL1

Dr. Thomas Adam
adam@ps-patent.com

**Opponent receives copy pursuant to Section 195 of the German Code of Civil Procedure (ZPO)**

Munich, February 11, 2026

**21 O 13057/25**

Peterreins Schley
Patent- und Rechtsanwälte PartG mbB

Hermann-Sack-Straße 3
80331 München
Deutschland

Tel: +49 (89) 8091338-00
Fax: +49 (89) 8091338-88
Mail: info@ps-patent.com

www.ps-patent.com

Amtsgericht München
Partnerschaftsregister 1940
VAT DE 299093094

Dr. Frank Peterreins [1,2,3,4]
Dr. Jan-Malte Schley [1,3,4]
Dr. Thomas Adam [1,2,5]
Felix Glöckler [1,3,4]
Markus Coehn [1,3,4]
Dr. Matthias Traut [1,3,4]
Patrick Wiedemann [1,3,4]
Dr. Marc Grunwald [1,2,5]
Dr. Simon Reuter [1,2]
Dr. Claudia Feller [1,2,*]
Constanze Wedding [1,2,*]
Jörg Kohlschmidt [1,3,4,*]
Stefan Kohl [1,3,4,*]
Lan Bi [1,4,*]
Dr. Dmitry Krimer [4,*]
Martin Obster [1,3,4,*]
Dr. Christoph Horst [1,3,4,*]
Jérôme van Betteraÿ [3,4,*]
Reinhard Kathan [3,4,*]
Maximilian Groß [1,2,*]
Dr. Maximilian Macha [3,*]
Maximilian Bernschneider [1,2,*]

[1] UPC Representative
[2] Rechtsanwalt
[3] Patentanwalt
[4] European Patent Attorney
[5] Fachanwalt für
   gewerblichen Rechtsschutz
[*] nicht Partner der Sozietät

# APPLICATION FOR/APPROVAL OF
# STAY OF PROCEEDINGS

In the matter of

**Onesta IP, LLC**
230 Sugartown Road, Suite 100, Wayne, PA 19087, USA, legally represented by its CEO William Marino, ibid.,

– Plaintiff –
(Peterreins Schley)

Attorneys: Attorneys at Law of Peterreins Schley Patent and Attorneys at Law PartG mbB, in particular Attorney Dr. Thomas Adam, Attorney Dr. Simon Reuter, LL.M., Attorney Dr. Claudia Feller, LL.M., with the assistance of the patent attorneys of the firm, led by Patent Attorney Dr. Jan-Malte Schley, Hermann-Sack-Str. 3, 80331 Munich,

against

**Bayerische Motoren Werke Aktiengesellschaft**, Petuelring 130, 80809 Munich, legally represented by the members of the Board of Management Oliver Zipse, Jochen Goller, Ilka Horstmeier, Dr. Nicolai Martin, Walter Mertl, Dr. Milan Nedeljkovic, Dr. Joachim Post,

– Defendants –
(Bardehle Pagenberg)

for:                        Patent infringement

                            US **8,443,209 B2** (Throttling computational units according to performance sensitivity)

the plaintiff no longer has any objections to the defendant's request to stay the proceedings pursuant to Section 251 of the German Code of Civil Procedure (ZPO). We hereby **request** this. The request is made in view of the term sheet mentioned by the defendant (see Exhibit BP 2) regarding Qualcomm components and bearing in mind that such components are (at least also) the subject matter of the present proceedings. Against this background, the order to stay the proceedings appears appropriate.

We kindly request to refrain from postponing the hearing scheduled for October 14, 2026 (order dated February 9, 2026) at this time..

*Electronically signed*

Dr. Thomas Adam Attorney at
Law